Cynthia SMITH, Plaintiff-Appellant,†

v.

## ATLANTIC MUTUAL INSURANCE COMPANY, Defendant-Respondent.

Court of Appeals

*No. 88–1657. Submitted on briefs June 8, 1989.—Decided June 28, 1989.*

(Also reported in 444 N.W.2d 465.)

†Petition to review granted.

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *John A. Becker* of *Hanson, Gasiorkiewicz & Becker, S.C.* of Racine.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Robert E. Neville* and *Donald H. Piper* of *Fellow, Piper & Schmidt* of Milwaukee.

Before Scott, C.J., Brown, P.J., and Sundby, J.

SCOTT, C.J.   Cynthia Smith appeals from a judgment dismissing her case. Smith had brought suit against her insurance company, Atlantic Mutual Insur-

ance Company, claiming entitlement to underinsurance benefits. Because we conclude that the policy's reducing clause is valid and unambiguous, we affirm.

Smith was involved in an accident with Joyce Goulias who carried liability insurance with a $50,000 policy limit, as did Smith. Smith also had $50,000 of underinsured motorist coverage with Atlantic Mutual. Damages are alleged to be in excess of $100,000.

Goulias' liability carrier tendered its policy limits, and Smith made a claim against Atlantic Mutual for the limits of her underinsurance policy. Atlantic Mutual denied coverage, and Smith brought suit against it. Atlantic Mutual successfully moved for summary judgment and the action was dismissed. Smith appeals.

This case involves the interpretation of an insurance policy. Such a question is one of law which we review without deference to the trial court's determination. *Kaun v. Indus. Fire & Casualty Ins. Co.,* 148 Wis. 2d 662, 667, 436 N.W.2d 321, 323 (1989). The trial court decided the issue upon a motion for summary judgment, which may be used to address issues of insurance policy coverage. *State Farm Mut. Auto. Ins. Co. v. Kelly,* 132 Wis. 2d 187, 189, 389 N.W.2d 838, 839 (Ct. App. 1986). For summary judgment to be granted, there must be no genuine issue of material fact and the movant must be entitled to judgment as a matter of law. Sec. 802.08(2), Stats. There are no disputed facts here, and the only remaining issue is the question of law involving the policy's interpretation.

The relevant portions of Atlantic Mutual's policy are as follows:

"Underinsured motor vehicle" means a land motor vehicle . . . to which a bodily injury liability bond or policy applies at the time of the accident but

> its limit for bodily injury liability is less than the limit of liability for this coverage.
>
> . . ..
>
> The limit of liability shown in the Declarations for "each person" for Underinsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one accident . . ..
>
> However, the limit of liability shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible.

We conclude that the last two paragraphs are governed by *Wood v. American Family Mutual Insurance Co.*, 148 Wis. 2d 639, 436 N.W.2d 594 (1989), and are dispositive of this appeal. Therefore, we do not discuss the applicability or validity of the paragraph defining "underinsured motor vehicle."[1]

*Wood* and *Kaun* are the most recent pronouncements from the Wisconsin Supreme Court regarding underinsurance. Both cases involved the validity and effect of reducing clauses contained in the underinsurance policies. *Wood,* 148 Wis. 2d at 650, 436 N.W.2d at 598; *Kaun,* 148 Wis. 2d at 668, 436 N.W.2d at 324.

In *Wood,* the court examined whether sec. 631.43(1), Stats., voids a reducing clause in an underinsurance policy which seeks to reduce the recoverable benefits by the amount received from the underinsured

---

[1] *Wood v. American Family Mutual Insurance Co.*, 148 Wis. 2d 639, 436 N.W.2d 594 (1989), did not mention the existence of such a definition. Although *Kaun v. Industrial Fire & Casualty Insurance Co.*, 148 Wis. 2d 662, 667, 436 N.W.2d 321, 323 (1989), did involve such a definition, no issue was raised with respect to it because of the differing amounts of coverage. *See id.* at 667–69, 436 N.W.2d at 323–24.

driver's liability policy. *Wood,* 148 Wis. 2d at 650, 436 N.W.2d at 598-99.[2] The court concluded that sec. 631.43(1) did not apply because the two policies—the underinsurance policy and the underinsured driver's liability policy—did not promise to indemnify the plaintiff against the same loss.[3] *Wood,* 148 Wis. 2d at 651, 436 N.W.2d at 599. As a result, the reducing clauses in the underinsurance policies were considered valid. *Id.* at 651-52, 436 N.W.2d at 599.

Having decided in *Wood* the validity of such reducing clauses in underinsurance contracts, the court in *Wood* and *Kaun* discussed their interpretation. *Wood,* 148 Wis. 2d at 652, 436 N.W.2d at 599; *Kaun,* 148 Wis. 2d at 668-69, 436 N.W.2d at 324. The nearly identical reducing clauses stated as follows:

> Any amounts payable will be reduced by:
>
> 1.   A payment made by the owner or operator of the underinsured motor vehicle or organization which may be legally liable.

*Wood,* 148 Wis. 2d at 644, 436 N.W.2d at 596.

> Amounts payable will be reduced by payments:

---

[2]Section 631.43(1), Stats., reads in relevant part as follows:

When 2 or more policies promise to indemnify an insured against the same loss, no "other insurance" provisions of the policy may reduce the aggregate protection of the insured below the lesser of the actual insured loss suffered by the insured or the total indemnification promised by the policies if there were no "other insurance" provisions.

[3]In actuality, three policies were involved in *Wood*: the underinsured driver's liability policy and two underinsurance policies. *Wood,* 148 Wis. 2d at 644, 436 N.W.2d at 596. The analysis, however, remains the same.

(1) made by the owner or operator of the underinsured motor vehicle or organization which may be legally liable.

*Kaun,* 148 Wis. 2d at 668, 436 N.W.2d at 323.

In each case, the phrase "amounts payable" was found to be ambiguous. *Wood,* 148 Wis. 2d at 652, 436 N.W.2d at 599; *Kaun,* 148 Wis. 2d at 669, 436 N.W.2d at 324. The insurance companies argued that the phrase referred to the amount of underinsurance benefits payable; however, the court concluded that a reasonable person in the position of an insured would have construed "amounts payable" to be the equivalent of damages compensable. *Wood,* 148 Wis. 2d at 652-54, 436 N.W.2d at 599-600; *Kaun,* 148 Wis. 2d at 669-70, 436 N.W.2d at 324-25. Therefore, the underinsurance policies in those cases were considered to provide coverage "for that margin between the amount received by the [plaintiff] from the underinsured driver's liability policy and the actual damages suffered by the [plaintiff]." *Wood,* 148 Wis. 2d at 654, 436 N.W.2d at 600; *Kaun,* 148 Wis. 2d at 670, 436 N.W.2d at 324-25.

Turning now to the policy here, we note first that the reducing clause in Atlantic Mutual's policy has not been voided by sec. 631.43(1), Stats. *See Wood,* 148 Wis. 2d at 651, 436 N.W.2d at 599. As in *Wood,* the two policies here do not indemnify Smith against the same loss because Goulias' liability policy promises only to indemnify Goulias, not Smith. *See id.* Having concluded the reducing clause is valid, we turn to its interpretation.

Whereas *Wood* and *Kaun* involved the ambiguous phrase "amounts payable," no such problem is present here.[4] The reducing clause states that it is the "limit of

---

[4]If the "limit of liability" were not so defined, then an argu-

liability" which is reduced, not the "amounts payable." The phrase "limit of liability" is unambiguous because it plainly refers to the limit of liability stated in the declarations portion of the insurance policy. The limit of liability for "each person" under Smith's policy is $50,000.[5]

Atlantic Mutual's declared limit of liability is $50,000. The reducing clause requires this sum to be reduced by any sums which Smith received from Goulias' liability carrier, which sum is also $50,000. Therefore, Atlantic Mutual's limit of liability would be zero. For this reason, we find it unnecessary to address the issue raised with regard to the definition of "underinsured motor vehicle."[6]

*By the Court.*—Judgment affirmed.

---

ment could be made that the phrase is ambiguous and a variation of the *Kaun/Wood* problem would undoubtedly arise. An insurance policy which uses the term "limit of liability" but does not define that term would not be governed by the holding in this case.

[5]It is for this reason that we do not address the public policy concerns expressed by the supreme court in *Wood,* 148 Wis. 2d at 653-54, 436 N.W.2d at 600, and *Kaun,* 148 Wis. 2d at 669-71, 436 N.W.2d at 324-25. The public policy analysis in those cases was used to construe an ambiguous phrase. We are not presented with an ambiguity, and the declaration of public policy is generally not within our function as an error-correcting court. *See In re F.E.H.,* 149 Wis. 2d 237, 242, 440 N.W.2d 799, 802 (Ct. App. 1989).

[6]Smith also raises certain hypothetical situations which she alleges will result in inequitable results and enforcement of illusory contracts. Those facts are not before us, nor will we reach a decision on the basis of hypothetical facts. *See State v. Hartnek,* 146 Wis. 2d 188, 196, 430 N.W.2d 361, 364 (Ct. App. 1988). Atlantic Mutual was entitled to judgment as a matter of law.