WEST BEND MUTUAL INSURANCE COMPANY, a Mutual
Company of Wisconsin, Plaintiff-Appellant-Petitioner,

v.

Robert E. PLAYMAN and Betty J. Playman, Defendants-
Respondents.

Supreme Court

*No. 90-2653. Oral argument September 1, 1992.—Decided
October 14, 1992.*

(Also reported in 489 N.W.2d 915.)

For the plaintiff-appellant-petitioner there were briefs by *Rollin E. Krafft* and the *Law Offices of James J. Pauly,* Madison and oral argument by *Mr. Krafft.*

For the defendants-respondents there was a brief by *John C. Mitby, Peter Weisenberger, Steven M. Streck* and *Axley Brynelson,* Madison and oral argument by *Mr. Streck.*

DAY, J. This is a review of an unpublished decision of the court of appeals which summarily affirmed a judgment of the circuit court for Columbia County, Honorable Lewis W. Charles. The circuit court granted summary judgment in favor of defendants Robert and Betty Playman, against plaintiff West Bend Mutual Insurance Company and ruled the defendants could "stack"[1]

---

[1]The term "stacking" as used in the insurance industry has been defined as follows:

> "Stacking" is just another word to denote the availability of more than one policy in the reimbursement of the losses of the insured. The second insurer's liability does not arise until the policy limits of the first are exhausted; nor does the third's arise until the combined limits of the first and second carriers are exhausted. There is no prorating between insurers. P. Pretzel, *Uninsured Motorists,* sec. 25.5(B) p. 88 (1972).

The term stacking is also used when the same insurer issues

underinsured motorist coverage. This case presents the issue of whether an insured who pays separate premiums for each vehicle under a single insurance policy can stack underinsured motorist coverage even though the policy contains a limit of liability clause. The construction of insurance contract provisions and statutes are questions of law which this court reviews *de novo*. *Martin v. Milwaukee Mut. Ins. Co.,* 146 Wis. 2d 759, 766, 433 N.W.2d 1 (1988).

The facts are not in dispute. West Bend issued an insurance contract to the Playmans which insured each of the Playmans' three vehicles. Under the policy, the Playmans paid a separate premium for each vehicle in return for underinsured motorist coverage in the amount of $300,000 for each vehicle.

Following an accident with an underinsured motorist, the Playmans claimed their policy provides $900,000 of underinsured motorist coverage. West Bend sought a declaratory judgment from the circuit court limiting its liability to $300,000. West Bend relied on the policy's limitation of liability clause which provides: "No matter how many vehicles are covered under this policy, the maximum amount we will pay under this uninsured or underinsured motorist coverage for any one accident or incident is the amount shown on the declarations page [$300,000]." The Playmans claim they are entitled to stack the three $300,000 provisions to reach a total of $900,000 because they paid a separate premium for each vehicle.

On cross-motions for summary judgment, the circuit court ruled the Playmans could stack their underinsured motorist coverage. The court of appeals summarily

multiple policies and the insured seeks to aggregate the coverage from each of the policies. *Tahtinen v. MSI Ins. Co.,* 122 Wis. 2d 158, 159 n.1, 361 N.W.2d 673 (1985).

affirmed. We conclude that the Playmans can stack their underinsured motorist coverage and therefore affirm the court of appeals.

Although West Bend argues that the limitation of liability provision in the Playman's policy clearly and unambiguously limits the underinsured motorist coverage to $300,000, this court recently held that a limitation of liability clause similar to the clause contained in the Playmans' policy violated sec. 631.43, Stats. 1989-90. *See Carrington v. St. Paul Marine Ins. Co.,* 169 Wis. 2d 211, 224, 226, 485 N.W.2d 63 (1992). Section 631.43, provides in part:

> **Other insurance provisions. (1)** GENERAL. When 2 or more policies promise to indemnify an insured against the same loss, no "other insurance" provisions of the policy may reduce the aggregate protection of the insured below the lesser of the actual insured loss suffered by the insured or the total indemnification promised by the policies if there were no "other insurance" provisions. . . .

The insurance policy at issue in *Carrington* contained a limitation clause which provided: "If a single limit is shown, it is the most we'll pay for all damages resulting from bodily injury caused by any one accident. This limit applies no matter how many covered autos or protected persons are involved or how many claims are made." *Id.* at 223-224. This court held that the limitation provision in the policy in *Carrington* violated sec. 631.43, Stats. because it prohibited stacking of separate coverages. *Id.* This court held that "[w]here an insured pays separate premiums, he or she receives separate and stackable uninsured motorist protections whether the coverage is provided in one or more than one policy." *Id.* at 224.

41

West Bend conceded during oral argument that the only distinction between *Carrington* and the present case is that the present case involves stacking of underinsured motorist coverage while *Carrington* involved stacking of uninsured motorist coverage. In *Wood v. American Fam. Mut. Ins. Co.,* 148 Wis. 2d 639, 647, 436 N.W.2d 594 (1989), this court abolished the distinction between uninsured and underinsured motorist coverage when applying sec. 631.43, Stats. even though underinsured coverage was not mandated by statute. Since *Wood* held that sec. 631.43, Stats. applies to underinsured motorist coverage as well as uninsured motorist coverage, we now extend the holding in *Carrington* to cases involving stacking of underinsured motorist coverage.

The holding in *Carrington,* therefore, applies to the present case. As did the insurance company in *Carrington,* West Bend argues that a limitation clause limits its liability to the amount shown on the declarations page even though the insured paid a separate premium for each vehicle covered under the policy. The limitation clause in the Playmans' policy is virtually identical to the limitation provision in *Carrington* which violated sec. 631.43, Stats. Since the limitation clause in the Playmans' policy prohibits stacking of separate coverages even though the Playmans paid a separate premium for each vehicle, the limitation clause violates sec. 631.43.

West Bend urges this court to follow the court of appeals' decision in *Mills v. Wisconsin Mut. Ins. Co.,* 145 Wis. 2d 472, 427 N.W.2d 397 (Ct. App. 1988). In *Mills,* the court of appeals held, among other things, that

42

sec. 631.43, Stats. did not apply to a limitation clause which prohibited stacking of medical services coverage because medical services coverage is not mandated by statute. *Id.* at 487-88. Although this court's decision in *Wood* does not mention *Mills,* this court rejected the rationale behind the decision in *Mills* when it stated that "[s]ection 631.43 has no reference, explicit or inferential, which limits the application of the statute, as the appellant suggests, to cases involving statutorily mandated insurance coverage." *Wood* at 647. *Wood* implicitly overturned *Mills* on the issue of whether sec. 631.43, applies to insurance coverage which is not mandated by statute.[2] We now confirm that such holding[3] in *Mills* is overruled.

■

West Bend contends that this court, in *Wood,* held that sec. 631.43, Stats. applies only where two or more policies promise to indemnify the insured against the same loss. West Bend, therefore, argues that *Wood* prohibits the application of sec. 631.43, Stats. in the present case because they issued the Playmans a single policy. West Bend's interpretation of *Wood,* however, contradicts this court's holding in *Carrington.* In *Carrington,* this court held that sec. 631.43, Stats. applies where an insured pays separate premiums under the same policy. *Carrington* at 223-224. Since the Playmans paid sepa-

[2]Although the court of appeals resolved several issues in *Mills,* only the analysis of this issue is overturned.

[3]In *Mills,* the court of appeals stated, "[t]he holding of *Burns v. Milwaukee Mut. Ins. Co.,* 121 Wis. 2d 574, 578, 360 N.W.2d 61, 64 (Ct. App. 1984), that the payment of two premiums satisfies the 'two or more policies' prerequisite of sec. 631.43(1), Stats., does not apply because, unlike uninsured motorist coverage, medical services coverage is not mandated by statute." *Mills* at 487-488.

rate premiums for each vehicle, sec. 631.43, applies to the present case.

West Bend also contends that the court of appeals, in *Burns v. Milwaukee Mutual Ins. Co.,* 121 Wis. 2d 574, 360 N.W.2d 61 (Ct. App. 1984), held that an insurer can use a policy provision to prohibit stacking. In *Burns,* the insurance company issued a single policy containing a limitation clause which violated sec. 631.43, Stats. The insured argued that she could stack uninsured motorist coverage because she paid a separate premium for each vehicle covered under the policy. The court of appeals stated, "we conclude that the 'two or more policies' language in sec. 631.43(1), Stats., is satisfied. Milwaukee Mutual's uninsured motorist coverages may therefore be stacked unless **another** provision in the policy prohibits aggregating coverages." *Burns* at 578-579 (emphasis added).

Although the court of appeals, in *Burns,* stated that a limitation provision may preclude stacking of uninsured motorist coverage, the court of appeals refused to enforce the limitation provision which violated sec. 631.43, Stats. The limitation provision contained in the Playmans' policy violates sec. 631.43, Stats. Since the policy contains no other provisions which prohibit stacking without violating sec. 631.43, the Playmans may stack their underinsured motorist coverage.

West Bend argues that sec. 631.45 Stats., 1989-90 specifically authorizes the limitation of liability clause contained in the Playmans' policy. Section 631.45, Stats., provides in part:

> **Limitations on loss to be borne by insurer.** An insurance policy indemnifying an insured against loss may by clear language limit the part of the loss to be borne by the insurer to a specified or determinable maximum amount, to loss in excess of a specified

44

determinable amount, to a specified percentage of the loss which may vary with the amount of the loss, or by a combination of these methods.

West Bend contends that the use of sec. 631.43, Stats. to bar the limitation clause in the Playmans' policy will render sec. 631.45, Stats. meaningless. This argument was not raised or discussed in *Carrington*.

We reject West Bend's argument and conclude that sec. 631.43, Stats. bars the limitation of liability clause contained in the Playmans' policy without rendering sec. 631.45, Stats. meaningless. Section 631.43, prohibits limitation of liability clauses only when the policies provide coverage promising to indemnify against the same loss. *See Agnew v. American Family Mut. Ins. Co.*, 150 Wis. 2d 341, 347, 441 N.W.2d 222 (1989). Section 631.45, Stats. differs from sec. 631.43, Stats. because nothing in the statute nor the drafting record indicates that sec. 631.45, applies where two or more policies insure against the same loss.

■ Section 631.45, Stats., therefore, authorizes limitation of liability clauses only when the policies involved do not insure against the same loss. Thus, an insurer who issues a single policy or multiple policies which insure separate and distinct losses can limit its liability using any one or a combination of the methods set forth in sec. 631.45. If, however, an insurer issues multiple policies which insure against the same loss, sec. 631.43, Stats. applies and the insurer cannot reduce the aggregate protection promised by the policies which insure against the same loss.

■ Read together, secs. 631.43 and 631.45, Stats., allow insurers to employ limitation of liability clauses only if they do not reduce the aggregate protection promised by

45

policies insuring against the same loss. In *Agnew,* this court stated that "when an insured has two or more policies that supply fire, life, or medical coverage, or uninsured or **underinsured motorist coverage,** the insured has usually acquired multiple protections against the same risk and expects to receive the proceeds of each policy" (emphasis added). *Id.* at 349.

In conclusion, we hold that the Playmans can stack their underinsured motorist coverage because sec. 631.43, Stats. prohibits the application of the limitation of liability clause contained in the Playmans' policy.

*By The Court.*—The decision of the court of appeals is affirmed.

JUSTICE STEINMETZ took no part in this opinion. JUSTICE WILCOX was not sworn in until after Oral Argument and took no part in this opinion.