Ruth FAIRBANKS and Paul Fairbanks, Plaintiffs-Respondents,

UNITED WISCONSIN PROSERVICES, INC., Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Appellant.†

Court of Appeals

*No. 93–1388. Submitted on briefs November 8, 1993.—Decided January 11, 1994.*

(Also reported in 512 N.W.2d 230.)

†Petition to review filed.

On behalf of defendant-appellant, the cause was submitted on the briefs of *Sverre O. Tinglum* of *Tinglum & Sixel* of River Falls.

On behalf of plaintiffs-respondents, the cause was submitted on the brief of *James J. Natwick* of *Bosshard & Associates* of La Crosse.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. American Family Mutual Insurance Company appeals a summary judgment declaring its insureds, Ruth and Paul Fairbanks, entitled to underinsured motorist (UIM) benefits by virtue of their right to stack the $100,000 UIM coverage for several family vehicles for which separate UIM premiums were paid.[1] Ruth Fairbanks was injured in a collision between her vehicle and another driven by Christine Crogan. The parties to this appeal stipulated that Ruth's damages exceeded the $100,000 liability limits paid by Crogan's insurer, Allstate Insurance Company. American Family consented to entry of judgment for $100,000 pending resolution of its appeal. American Family argues that there is no stacking issue because its reducing clause eliminates any coverage in the first instance, citing *Krech v. Hanson,* 164 Wis. 2d 170, 473 N.W.2d 600 (Ct. App. 1991). Because *Krech* is readily distinguishable, and because American Family's reducing clause cannot be used to avoid stacking according to the holding in *West Bend Mut. Ins. Co. v. Playman,* 171 Wis. 2d 37, 489 N.W.2d 915 (1992), we affirm.

---

[1] The Fairbanks' brief states that separate premiums were paid. American Family does not contend otherwise, and we therefore deem this an undisputed fact for purposes of resolving this appeal. *See Charolais Breeding Ranches Ltd. v. FPC Secs. Corp.,* 90 Wis. 2d 97, 109, 279 N.W.2d 493, 499 (Ct. App. 1979). The term "stacking" is used in the insurance business when the same insurer issues multiple policies and the insured seeks to aggregate the coverage from each of the policies. *Tahtinen v. MSI Ins. Co.,* 122 Wis. 2d 158, 159 n.1, 361 N.W.2d 673, 674 n.1 (1985).

American Family provided auto insurance for three vehicles, each declaring $100,000 coverage, and setting forth its terms in the UIM endorsement. As is demonstrated by its terms set forth later, this endorsement promises to cover damages to an insured arising out of the use of an underinsured motor vehicle, defined as follows: "**Underinsured motor vehicle** means a **motor vehicle** which is insured by a liability bond or policy at the time of the accident *which provides* bodily injury *liability limits less than the damages an **insured person** is legally entitled to recover*." (Emphasis added.)

We determined there was no coverage in *Krech* where the definition of underinsured motor vehicle provided: "*Coverage* under this provision only applies *when the* owner or driver of the *other vehicle maintains a policy with a lower coverage* than the insured." *Id.* at 174, 473 N.W.2d at 602 (emphasis added).

While the insurer in *Krech* as is the case with American Family maintained UIM coverage equal to the liability coverage of the tortfeasor, American Family defines an underinsured motorist differently from the insurer in *Krech*. Thus, in the words of the American Family policy, the tortfeasor, Crogan, is an underinsured motorist because she was "insured by a liability . . . policy . . . which provides . . . liability limits [$100,000] *less than the damages* [over $100,000] an **insured person** [Ruth Fairbanks] is legally entitled to recover." (Emphasis added.) On the other hand, the tortfeasor in *Krech* was not an underinsured motorist because he did not maintain a "*policy with a lower coverage* than the insured." *Id.* at 174, 473 N.W.2d at 602. Rather, the stated coverage for both the insured and the tortfeasor was equal ($100,000). *Id.* at 176, 473 N.W.2d at 603.

Wisconsin's stacking statute, § 631.43(3), STATS., provides in part:

> When 2 or more policies promise to indemnify an insured against the same loss, no "other insurance" provisions of the policy may reduce the aggregate protection of the insured below the lesser of the actual insured loss suffered by the insured or the total indemnification promised by the policies if there were no "other insurance" provisions.[2]

Our task, therefore, is to identify American Family's "promise to indemnify" as it relates to the insured's loss. This promise is unequivocally set forth in the American Family UIM endorsement in the following language:

> **You** have this coverage if Underinsured Motorists Coverage is shown in the declarations.

> **We** will pay compensatory damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle**.

Because the policy defined an underinsured motorist as earlier described, this endorsement constitutes a promise to indemnify for the loss caused by Crogan and to which the stacking statute applies.

American Family concedes that *Krech* went no further than this same analysis and repudiated coverage according to the definition of an underinsured motorist. It argues, however, that policies may incorporate

---

[2] The requirement of "2 or more policies" within the meaning of this statute is met when an insured pays separate premiums whether the coverage is provided in one or more policy. *Carrington v. St. Paul Fire & Marine Ins. Co.*, 169 Wis. 2d 211, 224, 485 N.W.2d 267, 272 (1992).

"alternative provisions" by which UIM coverage is determined, that is, either by definition, or by subsequent use of a reducing clause. This suggestion is not only contrary to the method used by *Krech* to resolve the coverage issue, it is also contrary to a more recent holding of our supreme court in *Playman.*

The insurance company in that case relied upon its reducing clause to avoid stacking its UIM coverage. The reducing clause in a West Bend Mutual Insurance Company policy in that case provided: "No matter how many vehicles are covered under this policy, the maximum amount we will pay under this uninsured or underinsured motorist coverage for any one accident or incident is the amount shown on the declarations page [$300,000]." *Id.* at 40, 489 N.W.2d at 916.

The *Playman* court did not take issue with the insurer's contention that the clause "clearly and unambiguously limited coverage to $300,000 . . . ." *Id.* at 41, 489 N.W.2d at 916. Rather, the court held that such a clause violates the restriction of § 631.43(3), STATS. *Playman*, 171 Wis. 2d at 44, 489 N.W.2d at 918.

We may therefore similarly agree that American Family's reducing clause in the limits of liability section of the policy is unambiguous. It provides:

> The limits of liability will be reduced by:
>
> 1. A payment made or amount payable by or on behalf of any person or organization which may be legally liable, or under any collectible auto liability insurance, for loss caused by an accident with an **underinsured motor vehicle**.

We fail to see how the unambiguous UIM reducing clause in *Playman* violates § 631.43(3), STATS., while American Family's would not. The limit of liability

843

reducing clause upon which American Family relies does not define coverage; it constitutes an attempt to limit the extent of its benefits. Section 631.43(3), as interpreted, bars such an attempt. The judgment declaring UIM coverage and permitting that coverage to be stacked is therefore affirmed.

*By the Court.*—Judgment affirmed.