Mark A. MATTHIESEN, Plaintiff-Interpleader-Appellant-Petitioner,

EMPLOYERS HEALTH INSURANCE COMPANY, Involuntary-Plaintiff-Interpleader-Defendant,

v.

CONTINENTAL CASUALTY COMPANY, Defendant-Interpleader-Plaintiff,

ESTATE OF Edward WILD and Marilyn Wild, Interpleader-Plaintiffs,

v.

Mary K. MATTHIESEN, Interpleader-Defendant,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Interpleader-Defendant-Respondent.

Supreme Court

*No. 93–0453. Oral argument March 7, 1995.——Decided June 7, 1995.*

(Also reported in 532 N.W.2d 729.)

*See Callaghan's Wisconsin Digest, same topic and section number.

194

For the plaintiff-interpleader-appellant-petitioner there were briefs by *William M. Cannon, Mark L. Thomsen* and *Cannon & Dunphy, S.C.,* Milwaukee and oral argument by *Mark L. Thomsen.*

For the interpleader-defendant-respondent there was a brief by *Janet E. Cain* and *Peterson, Johnson & Murray, S.C.,* Milwaukee and oral argument by *James T. Murray.*

Amicus curiae brief was filed by *Robert L. Jaskulski* and *Domnitz, Mawicke, Goisman & Rosenberg, S.C.,* Milwaukee for Wisconsin Academy of Trial Lawyers.

Amicus curiae brief was filed by *Noreen J. Parrett, Joanne R. Whiting* and *LaFollette & Sinykin,* Madison for the Wisconsin Insurance Alliance.

Amicus curiae brief was filed by *Mark A. Klinner* and *Terwilliger, Wakeen, Piehler & Conway, S.C.,* Wausau for the Civil Trial Counsel of Wisconsin.

DAY, J.   This is a review of an unpublished decision of the court of appeals affirming a judgment of the circuit court for Milwaukee County, Honorable Michael J. Barron, Judge, that granted summary judgment against Mr. Mark A. Matthiesen in favor of American Family Mutual Insurance Company, Mr. Matthiesen's underinsured motorist (UIM) insurer. The sole issue on review is whether the reducing clauses in the two American Family UIM policies issued to Matthiesen apply. Because Matthiesen had two separate UIM policies, we hold that the reducing clauses are invalid as contrary to sec. 631.43(1), Stats. (1993–94),[1] the "stacking"[2] statute, except to the extent that they prevent double recoveries. Therefore, the reducing clauses

---

[1] Section 631.43(1), Stats. (1993–94), provides in part:

**631.43   Other insurance provisions. (1)** GENERAL. When 2 or more policies promise to indemnify an insured against the same loss, no "other insurance" provisions of the policy may reduce the aggregate protection of the insured below the lesser of the actual insured loss suffered by the insured or the total indemnification promised by the policies if there were no "other insurance" provisions. The policies may by their terms define the extent to which each is primary and each is excess, but if the policies contain inconsistent terms on that point, the insurers shall be jointly and severally liable to the insured on any coverage where the terms are inconsistent, each to the full amount of coverage it provided . . ..

[2] The term "stacking" as used in the insurance industry has been defined as follows:

do not apply to the facts of this case, and the decision of the court of appeals is reversed.

On November 6, 1991, Mark A. Matthiesen was involved in an automobile collision with Mr. Edward Wild. Mr. Wild was insured by Continental Casualty Insurance Company for liability up to $300,000. Matthiesen had two automobile insurance policies, both issued by American Family Insurance Company, each of which provided an UIM coverage endorsement with limits of $100,000 per person. The endorsements provided in part:

> We will pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle.

"Underinsured motor vehicle" was defined in both policies as follows:

> Underinsured motor vehicle means a motor vehicle which is insured by a liability bond or policy at the time of the accident which provides bodily injury liability limits less than the damages an insured person is legally entitled to recover.

"Stacking" is just another word to denote the availability of more than one policy in the reimbursement of the losses of the insured. The second insurer's liability does not arise until the policy limits of the first are exhausted; nor does the third's arise until the combined limits of the first and second carriers are exhausted. There is no prorating between insurers.

*Tahtinen v. MSI Ins. Co.*, 122 Wis. 2d 158, 159 n.1, 361 N.W.2d 673 (1985) (quoting Paul W. Pretzel, *Uninsured Motorists,* sec. 25.5(B) at 88 (1972)).

"The term stacking is also used when the same insurer issues multiple policies and the insured seeks to aggregate the coverage from each of the policies." *Id.*

The American Family policies also both contained a reducing clause that read as follows:

The limits of liability will be reduced by:

1. A payment made or amount payable by or on behalf of any person or organization which may be legally liable, or under any collectible auto liability insurance, for loss caused by an accident with an underinsured motor vehicle.

Matthiesen brought suit against Continental Casualty. He also cross-claimed against American Family for $200,000 of UIM coverage. Continental Casualty paid Matthiesen $300,000. American Family moved for summary judgment. American Family conceded for the purpose of its summary judgment motion that Matthiesen's damages were more than $500,000, but asserted that it owed no benefits because the reducing clauses of the UIM policies were unambiguous, clearly applicable, valid and enforceable. The trial court granted American Family's motion, and the court of appeals affirmed. Matthiesen petitioned this court for review, which was granted.

Matthiesen argues that the reducing clauses in the two insurance policies cannot be enforced against him because (1) the clauses violate the stacking statute, sec. 631.43(1), Stats., (2) given consumer expectations, the policies are ambiguous and must be construed against the insurance company, and (3) the UIM coverage would be illusory if the reducing clause were enforced since the insured would never recover the full amount promised by the policy from the insurer because some amount would always be deducted from the policy limits due to a payment from the underinsured motorist's liability policy. Because we conclude that the unambiguous language of the stacking statute precludes

enforcement of the reducing clauses in this case, we reverse the decision of the court of appeals. Therefore, we do not reach issues number two and three.

■

This case was decided on summary judgment, and there are no material facts in dispute. The case requires the construction of insurance contract provisions and statutes. These are questions of law which this court decides without deference to the decisions of the circuit court or court of appeals. *Bindrim v. B. & J. Ins. Agency,* 190 Wis. 2d 525, 534, 527 N.W.2d 320 (1995).

■

"In ascertaining the proper scope to be given sec. 631.43(1), Stats., the language of the statute itself must first be considered." *Wood v. American Fam. Mut. Ins.,* 148 Wis. 2d 639, 646, 436 N.W.2d 594 (1989). "Sec. 631.43(1), Stats., by its terms, applies when two policies promise to indemnify an insured against the same loss." *Id.*

Here, Matthiesen, for the purposes of the statute, had two policies, the two issued by American Family Insurance. *West Bend Mut. Ins. Co. v. Playman,* 171 Wis. 2d 37, 42, 489 N.W.2d 915 (1992); *Carrington v. St. Paul Fire & Marine Ins.,* 169 Wis. 2d 211, 224–25, 485 N.W.2d 267 (1992). Each of those policies promised to indemnify him against a loss suffered in a collision with an underinsured motor vehicle. There is no dispute that Mr. Wild's vehicle was an underinsured motor vehicle according to the terms of Matthiesen's policy. Further, this court has held that UIM coverage can be stacked. *Playman,* 171 Wis. 2d at 42; *Wood,* 148 Wis. 2d at 650. Thus, the stacking statute is applicable to Matthiesen, and the issue becomes whether the reducing clauses violate the statute.

199

The reducing clauses state that the limit of liability is reduced by amounts received from "any collectible auto liability insurance." American Family's limit of liability "if there were no 'other insurance' provisions" is $200,000: $100,000 for each policy, stacked. Continental Casualty paid $300,000. Thus, if enforced, the reducing clauses would result in zero coverage for Mr. Matthiesen from his own insurer. For purposes of this motion, American Family concedes that Mr. Matthiesen's damages are over $500,000. According to the terms of Mr. Matthiesen's policy, American Family insured against "compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle." Thus, the actual insured loss for purposes of this motion is at least $200,000. Therefore, the reducing clauses in the two policies attempt to "reduce the aggregate protection of the insured below the lesser of the actual insured loss suffered by the insured or the total indemnification promised by the policies if there were no 'other insurance' provisions." Section 631.43(1), Stats. The clauses do not qualify for the one exception to the prohibition on reducing clauses found in sec. 631.43(1), Stats., in that they do not merely define which coverage is primary and which is excess. Section 631.43(1). As such, we conclude that the reducing clauses are invalid except to the extent that they prevent double recoveries.[3]

---

[3] A bill passed by both houses and, as of June 6, 1995, awaiting action by the Governor would affect current law relating to both stacking and underinsured motorist coverage. *See* 1995 Senate Bill 6 as amended by Assembly Substitute Amendment 1.

This case is factually similar to two previous appellate decisions in this state, *Wood,* 148 Wis. 2d 639, and *Fairbanks v. American Family Mut. Ins. Co.,* 181 Wis. 2d 838 (Ct. App. 1994). In both those cases, the insured had multiple UIM coverages issued by the same insurer that purported to reduce UIM coverage where insurance proceeds were received from the tortfeasor's insurance. *Wood,* 148 Wis. 2d at 650; *Fairbanks,* 181 Wis. 2d at 840. The courts in both cases held the reducing clause to be invalid except to the extent that they prevented double recovery. *Wood,* 148 Wis. 2d at 654 (policy language was ambiguous and would be interpreted to provide coverage on both UIM policies); *Fairbanks,* 181 Wis. 2d at 843–44 (reducing clauses in two UIM policies violated the stacking statute).

However, in *Wood,* this court stated in dicta that sec. 631.43(1), Stats., did not apply because, since the tortfeasor's liability policy did not "promise to indemnify" the UIM policy holder, there were not two or more policies that promised to indemnify against the same loss. *Wood,* 148 Wis. 2d at 651. The *Wood* court did not consider whether the two UIM policies were two policies that promised to indemnify the insured against the same loss. In *Fairbanks,* the court of appeals directly confronted the question of whether two UIM policies could invoke the protections of sec. 631.43(1), and held that the reducing clauses were invalid attempts to limit the extent of the UIM benefits. Although the court of appeals did not refer to *Wood,* it stated that its decision was based on this court's more recent decision in *Playman,* which held that a reducing clause in multiple UIM policies was invalid because UIM coverages could stack. *Fairbanks,* 181 Wis. 2d at 843.

We conclude that the *Fairbanks* court correctly interpreted sec. 631.43(1), Stats. As noted by the *Fairbanks* court, multiple UIM coverages will bring the policyholder within the protections of the stacking statute. *Playman,* 171 Wis. 2d at 42. Further, although the stacking statute does require the existence of two policies which promise to indemnify against the same loss, it does not state that the only "other insurance" proceeds that cannot reduce the aggregate protection of the policies are proceeds from one of the policies that promise to indemnify. Instead, it states that "no 'other insurance' provision" can reduce coverage. Section 631.43(1). The reducing clauses in *Woods, Fairbanks,* and in this case all attempt to reduce the aggregate protection of the policies due to payments from "other insurance." Therefore, any language in *Wood* which stated that sec. 631.43(1), did not apply to the facts of that case is hereby overruled.

American Family argues that *Smith v. Atlantic Mut. Ins. Co.,* 151 Wis. 2d 542, 444 N.W.2d 465 (Ct. App. 1989) *(Smith (Ct. App.)), aff'd,* 155 Wis. 2d 808, 456 N.W.2d 597 (1990) *(Smith),* is controlling because there the court of appeals held that a reducing clause with language nearly identical to the language in the reducing clauses in this case was enforceable. *Smith (Ct. App.),* 151 Wis. 2d at 547–48. However, Smith only had one UIM policy, so the stacking statute did not require the invalidation of the reducing clause as it does here. Further, the court of appeals' analysis omitted an important step. The court of appeals held that the reducing clause was valid without first determining if the reducing clause applied to the facts of the case. As this court has held, prior to deciding whether

202

the reducing clause is valid, a court must determine whether coverage exists at all based on the definition of coverage. *See Smith,* 155 Wis. 2d at 811, 814; *Fairbanks,* 181 Wis. 2d at 842–43. Smith's policy provided for coverage only if the tortfeasor had a bodily injury liability bond or policy with a "limit for bodily injury liability . . . less than the limit of liability" for the UIM policy holder. *Smith,* 155 Wis. 2d at 811. Both Smith and the tortfeasor had $50,000 limits on coverage. *Id.* at 809–10. Thus, the language of the reducing clause in Smith's UIM policy was irrelevant, because, unlike Matthiesen's policy, Smith's policy never promised to indemnify in the first instance. *Smith,* 155 Wis. 2d at 814.[4] Therefore, neither *Smith (Ct. App.)* nor *Smith* require this court to hold the reducing clauses here to be enforceable.

Because we conclude that the plain language of the stacking statute precludes enforcement of the reducing clauses in this case, we need not decide whether an ambiguity exists in the policy or whether public policy would require the invalidation of the reducing clauses even in the absence of the statute.[5] However, we note

[4] The *Smith* court stated:

In the present case, because we conclude in the first instance that the other vehicle is not an "underinsured motor vehicle" as unambiguously defined in the policy, we need not reach the issue regarding to what extent the policy's reducing clause may affect the claim.

*Smith,* 155 Wis. 2d at 814 (footnote omitted).

[5] Justice Abrahamson in her concurrence correctly states that the stacking statute would not apply if Matthiesen had only one UIM policy. However, her statement that the reasoning of this opinion would therefore require enforcement of the reducing clause is incorrect. The opinion specifically states that

that courts in this state have consistently held that UIM insurance contracts must be construed according to the reasonable expectations of the insured. *Kuhn v. Allstate Ins. Co.,* 193 Wis. 2d 50, 61, 532 N.W.2d 124 (1995); *Wood,* 148 Wis. 2d at 652; *Kaun v. Industrial Fire & Cas.,* 148 Wis. 2d 662, 670–71, 436 N.W.2d 321 (1989). "[W]hen purchasing UIM coverage, we believe that a reasonable insured expects to be protected against a loss caused by another that is not covered by the underinsured driver's liability coverage." *Wood,* 148 Wis. 2d at 654. Moreover we do not overrule or limit language in previous holdings of this court and the court of appeals that invalidated reducing clauses in UIM policies in part on the basis of the illusory nature of the coverage. *See Wood,* 148 Wis. 2d at 653; *Kuhn v. Allstate Ins. Co.,* 181 Wis. 2d 453, 463–64, 510 N.W.2d 826 (Ct. App. 1993), *aff'd on other grounds* 193 Wis. 2d 50, 532 N.W.2d 124 (1995). Finally, this court has stated on multiple occasions that the underlying purpose of UIM coverage is to compensate the victim of an underinsured motorist's negligence where the third party's liability limits are not adequate to fully compensate the victim for his or her injuries. *Wood,* 148 Wis. 2d at 654; *Kaun,* 148 Wis. 2d at 671.

In conclusion, we hold that the reducing clauses in the two UIM policies issued by American Family are invalid as contrary to sec. 631.43(1), Stats. Therefore, American Family is not entitled to summary judgment in this case.

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

---

it does not reach the issue of whether the clause would be enforceable under those circumstances.

SHIRLEY S. ABRAHAMSON, J. *(concurring).* I am more persuaded by the public policy arguments in the majority's opinion than I am by its interpretation of sec. 631.43(1).

According to the majority opinion's interpretation of sec. 631.43(1), had Matthiesen been insured with only one policy with $200,000 UIM coverage, sec. 631.43(1) would not apply and therefore the reducing clause in Matthiesen's policy would reduce Matthiesen's recovery from his insurer by the amount of the tortfeasor's liability policy. The majority's reasoning thus unfairly leads to different results depending on the number of policies the UIM policyholder has that cover the same loss.

STEINMETZ, J. *(dissenting).* I do not accept the legality of this court binding underinsured motorist coverage (UIM) to the terms of sec. 631.43(1), Stats., the so-called "stacking statute." UIM is not required by statute as a part of an automobile policy as is uninsured motorist coverage (UM). It is a private contract between the insured and the insurer and not controlled by statute.

I still agree with the reasoning of Justice William G. Callow's dissent in *Wood v. American Fam. Mut. Ins.,* 148 Wis. 2d 639, 436 N.W.2d 594 (1989).

JANINE P. GESKE, J. *(dissenting).* The only issue in this case is whether an unambiguous reducing clause in an underinsured motorist (UIM) policy should be enforced. For the reasons set forth below, I conclude that the reducing clauses in the UIM policies issued by American Family are valid and applicable to the facts of this case.

205

The facts are undisputed. Matthiesen and Wild were involved in an automobile accident which resulted in Wild's death and bodily injuries to Matthiesen, valued in excess of $500,000. Continental Casualty, Wild's insurer, paid Matthiesen $300,000. A dispute arose when Matthiesen sought to recover UIM coverage from American Family. Matthiesen had purchased two policies from American Family, with liability limits of $100,000 for each declared vehicle. American Family denied Matthiesen coverage when Continental Casualty paid more than the value of the UIM policies, stating that application of the policies' reducing clauses limited its liability. The reducing clauses state that liability will be reduced by "[a] payment made or amount payable by or on behalf of any person or organization which may be legally liable, or under any collectible auto liability insurance, for loss caused by an accident with an underinsured motor vehicle."

The policy language describing the limits of liability is neither ambiguous nor confusing: Matthiesen received payment from Continental Casualty in excess of the American Family policy limits; therefore, Matthiesen is not entitled to recovery. The court of appeals correctly held that the term "limits of liability" is an unequivocal and unambiguous phrase specifically set forth in the policies at $100,000.[1] Thus, when Continental Casualty paid Matthiesen $300,000, it extinguished any liability of American Family to its insured, Matthiesen, for UIM coverage. Application of the unambiguous reducing clauses in this case negates

---

[1] *See Smith v. Atlantic Mut. Ins. Co.,* 151 Wis. 2d 542, 548, 444 N.W.2d 465 (Ct. App. 1989), *aff'd* 155 Wis. 2d 808, 456 N.W.2d 597 (1990).

any need to invoke the stacking statute, § 631.43, Stats. Accordingly, I respectfully dissent.

I am authorized to state that JUSTICE JON P. WILCOX joins this dissenting opinion.