## Paul G. AGNEW, Plaintiff-Appellant,

v.

## AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Respondent.

Supreme Court

*No. 87–1327. Argued November 30, 1988.—Decided June 21, 1989.*

(Also reported in 441 N.W.2d 222.)

For the plaintiff-appellant there were briefs (in court of appeals) by *Michael Riley* and *Johnson, Swingen, Atterbury, Riley & Luebke, S.C.*, Madison, and oral argument by *Michael Riley*.

For the defendant-respondent there was a brief (in court of appeals) by *Jean M. Wiencek, Carroll Metzner,* and *Bell, Metzner & Gierhart, S.C.*, Madison, and oral argument by *Carroll Metzner*.

Amicus curiae briefs were filed by *Eric Englund,* Madison, for Wisconsin Insurance Alliance; and by *Virginia M. Antoine* and *Habush, Habush & Davis, S.C.*, Milwaukee, for Wisconsin Academy of Trial Lawyers.

SHIRLEY S. ABRAHAMSON, J.   This is an appeal from a judgment of the Circuit Court for Dane County, Jack Aulik, Circuit Judge, granting summary judgment in favor of American Family Mutual Insurance Company. The circuit court held that the vehicle owner's three American Family insurance policies prohibit the plaintiff (the injured passenger in the insured driver's vehicle) from stacking (that is, aggregating or pyramiding)[1] the three policies under which American Family insured the driver and that sec. 631.43, Stats. 1985–86, does not void the policies' anti-stacking provi-

---

[1] The term "stacking" has been defined as follows:

'Stacking is just another word to denote the availability of more than one policy in the reimbursement of the losses of the insured. The second insurer's liability does not arise until the policy limits of the first are exhausted; nor does the third's arise until the combined limits of the first and second carriers are exhausted. There is no prorating between insurers.' P. Pretzel, *Uninsured Motorists,* sec. 25.5(B) p. 88 (1972).

The term stacking is also used when the same insurer issues multiple policies and the insured seeks to aggregate the coverage from each of the policies. *Tahtinen v. MSI Ins. Co.,* 122 Wis. 2d 158, 159, n. 1, 361 N.W.2d 673 (1985).

sions. This court took jurisdiction of the appeal upon certification by the court of appeals pursuant to sec. (Rule)809.61, Stats. 1985-86. We affirm the judgment of the circuit court.

The facts are undisputed. The plaintiff was injured while riding as a passenger in a Ford pickup truck driven by Scott Sailor and owned by Scott's father, Larry Sailor. At the time of the accident, Larry Sailor had three American Family automobile insurance policies in full force and effect. Each policy covers a motor vehicle he owned; he is the policyholder. Scott Sailor was an insured under the terms of each of the policies as a relative who resided in the policyholder's household.

One of the three policies covered the pickup truck involved in the accident. A second policy covered a Ford LTD, and a third policy covered a van. Under the terms of each of the three policies, American Family agreed to pay damages for bodily injury and property damage for which the policyholder or a relative residing in the policyholder's household (here Scott Sailor) was legally liable due to the use of not only the specified insured vehicle but also other vehicles, with the exception of vehicles owned or regularly used by the policyholder or a relative residing in his household. Each of the policies contained identical liability limits of $25,000 for injury to one person in one accident.

The parties agreed that American Family would pay the plaintiff $25,000 under the policy covering the Ford pickup truck and that the plaintiff reserved his right to seek the coverage limits available, if any, under the two other policies. The parties further agreed that plaintiff's damages for injuries exceeded $75,000, the total combined coverage available under all three policies. The question presented in this case is whether the three poli-

cies can be stacked, that is, whether the policies can be aggregated so that the plaintiff can collect $75,000.

On November 28, 1986, the plaintiff commenced this action against American Family seeking to recover $50,000, the total amount available under the two other policies. American Family contends that exclusionary language in the three policies prevents the plaintiff from recovering the liability coverages on the two other policies and moved for summary judgment. The circuit court granted summary judgment, holding that the plain language of the policies bars the stacking of the liability coverages and that the provisions in the policies prohibiting the stacking of liability coverages are not void under sec. 631.43(1), Stats. 1985–86.

American Family relies upon two clauses (both of which appear in all three policies) to support its assertion that the policies prohibit stacking.

The first clause, commonly known as the "drive-other-car" provision (or the owned uninsured vehicle provision), reads as follows:

> This coverage does not apply to:
>
> . . .
>
> 9.  Bodily injury or property damage arising out of the use of any vehicle, other than your insured car,[2]

---

[2] The policy describes "your insured car" in the following manner:

> a.  Any car described in the declarations and any private passenger car or utility car you replace it with. You must tell us within 30 days of its acquisition.
> b.  Any additional private passenger car or utility car of which you acquire ownership during the policy period. You must tell us within 30 days of its acquisition that you want us to insure the additional car.
> c.  Any utility trailer you own.
> d.  Any car or utility trailer not owned by you being tempo-

which is owned by or furnished or available for regular use by you or any resident of your household.

The second clause upon which American Family relies is an "other insurance" provision, which appears in each policy and reads as follows:

3. *Two or More Cars Insured.* The total limit of our liability to you under all the policies issued to you by us shall not exceed the highest limit of liability under any one policy . . ..

American Family asserts and the plaintiff concedes that each of these two policy clauses, if valid, limits American Family's liability to that under the one policy covering the Ford pickup truck. They thus agree that if either one of these policy clauses is valid under sec. 631.43 (1), the coverages under the three policies cannot be stacked (aggregated) and the plaintiff cannot recover an additional $50,000. The question, then, for this court is whether either of these policy clauses is proscribed by sec. 631.43 (1), Stats. 1985–86, which provides as follows:

**Sec. 631.43 Other insurance provisions.** **(1)** General. When 2 or more policies promise to indemnify an insured against the same loss, no "other insurance" provisions of the policy may reduce the aggregate protection of the insured below the lesser of the actual insured loss suffered by the insured or the total indemnification promised by the policies if there were no "other insurance" provisions. The policies may by their terms define the extent to which each is primary and each excess, but if the policies contain inconsistent terms on that

rarily used as a substitute for any other vehicle described in this definition, because of its withdrawal from normal use due to breakdown, repair, servicing, loss or destruction.

point, the insurers shall be jointly and severally liable to the insured on any coverage where the terms are inconsistent, each to the full amount of coverage it provided. Settlement among the insurers shall not alter any rights of the insured.

We conclude that the drive-other-car provision is valid and enforceable. We need not discuss the second clause, that is, the "other insurance" provision.

This case is another in the continuing series of "stacking" cases involving automobile insurance policies and the interpretation of sec. 631.43(1). This case presents a question of law of first impression. We have not previously determined the applicability of sec. 631.43 (1) to the liability provisions in two or more automobile insurance policies. Other cases have involved uninsured and underinsured motorist coverages of automobile insurance policies. *See, e.g., Tahtinen v. MSI Ins. Co.,* 122 Wis. 2d 158, 361 N.W.2d 673 (1985) (uninsured motorist); *Welch v. State Farm Mut. Auto. Ins. Co.,* 122 Wis. 2d 172, 361 N.W.2d 680 (1985) (uninsured motorist); *Mullen v. Coolong,* 132 Wis. 2d 440, 393 N.W.2d 110 (Ct. App. 1986), (uninsured motorist), overruled by *Nicholson v. Home Ins. Cos.,* 137 Wis. 2d 581, 405 N.W.2d 327 (1987); *Kuehn v. Safeco Ins. Co.,* 140 Wis. 2d 620, 412 N.W.2d 126 (Ct. App. 1987) (underinsured motorist); *Wood v. American Family Mutual Ins. Co.,* 148 Wis. 2d 639, 436 N.W.2d 594 (1989) (underinsured motorist).[3]

---

[3] In *Nicholson v. Home Ins. Cos.,* 137 Wis. 2d 581, 603, 405 N.W.2d 327 (1987), we expressly stated that we were not deciding the applicability of sec. 631.43 (1). *Nicholson* involved uninsured motorist coverage and sec. 632.32, Stats. 1979, not sec. 631.43 (1).

In *Schwochert v. American Family Ins. Co.,* 139 Wis. 2d 335, 351, 407 N.W.2d 525 (1987), the court expressly stated that the case did not involve stacking.

Sec. 631.43 (1) clearly states that it applies only to two or more policies that "promise to indemnify an insured against the same loss." In this case there are clearly three policies. The question is whether these policies fall within the statutory phrase "promise to indemnify against the same loss."

The plaintiff asserts that the ordinary and accepted meaning of the statutory words "promise to indemnify" is promise to protect against loss, or, in Black's Law Dictionary, "to save harmless." The function of all insurance, including automobile liability insurance, urges the plaintiff, is to indemnify an insured. Each of the three American Family automobile liability policies in this case includes an express agreement to protect the insured against loss. Each policy promises to "pay damages an insured person is legally liable for because of bodily injury and property damage due to the use of a car." The plaintiff concludes that each of the three policies promises to indemnify the insured for liability due to the use of a car and that the policy provisions that prohibit stacking the policies are therefore invalid under sec. 631.43 (1).

The plaintiff's interpretation of the statutory words "promise to indemnify" as including all insurance policies has support in the law. This court has used the words "indemnity" and "indemnify," meaning protection from loss or damage, to refer to all types of insurance policies. See *Ducommun v. Inter-State Exchange,* 193 Wis. 179, 186–87, 212 N.W. 289 (1927); *Gross v. Lloyds of London Insurance Co.,* 121 Wis. 2d 78, 84, 358 N.W.2d 266 (1984).

In contrast, American Family argues that the statutory phrase "promise to indemnify against the same loss" should be interpreted in a narrower and more specific sense as referring to indemnity contracts, not to

347

liability contracts. As the amicus brief submitted by the Wisconsin Insurance Alliance details, sec. 631.43 (1) is derived from sec. 203.11, Stats. 1973, which pertained only to fire insurance, which is traditionally classified as indemnity coverage. American Family asserts that the three policies in this case are liability, not indemnity, contracts and that these policies are not governed by sec. 631.43 (1).

Insurance contracts are often grouped into two distinct categories: liability contracts and indemnity contracts. Liability contracts require the insurer to protect the insured from payment of a claim for which the insured is liable to a third party; indemnity contracts require the insurer to make the insured whole after the insured has sustained an actual loss. *Landvatter v. Globe Security Ins. Co.,* 100 Wis. 2d 21, 26, 300 N.W.2d 875 (Ct. App. 1980); 12 Couch, *Cyclopedia of Insurance Law,* sec. 45:16–45:23 (2d ed. 1981); 6B Appleman, *Insurance Law and Practice,* sec. 4261 (1979).

We have examined the statutory language, the relevant legislative history, and the legislative expressions of public policy. Although these materials do not conclusively resolve the ambiguities or doubts presented by this case, they do lead us again to the conclusion we reached in *Wood v. American Family Mutual Ins. Co.,* 148 Wis. 2d 639, 651, 436 N.W.2d 594 (1989), that the applicability of sec. 631.43 (1) does not turn on the distinction between liability and indemnity insurance contracts. We said in *Wood:*

> [T]he applicability of sec. 631.43 (1) cannot be simply ascertained by resorting to historical definitions of indemnity and liability insurance. Rather, an analysis must be made on a case-by-case basis as to whether the particular liability policy at issue

promises to indemnify the insured against the same loss as the other insurance policies involved. (Footnote excluded.)

We conclude that sec. 631.43 (1) does not govern the policies involved in this case, because the three policies do not insure the insured in this case against the same loss.

Section 631.43 (1) governs policies that insure an insured against the same loss. Stacking, that is, aggregating the face amount of the policies, is logical when the insured has two or more insurance policies protecting against the same loss. Thus when an insured has two or more policies that supply fire, life, or medical coverage, or uninsured or underinsured motorist coverage, the insured has usually acquired multiple protections against the same risk and expects to receive the proceeds of each policy. In life, medical, fire, uninsured motorist, or underinsured motorist coverage, the risk of injury that the policy covers does not increase with the number of policies that have been issued to cover that person or property.

In contrast, in this case each policy insures against a different loss and only one policy insures the insured against the loss incurred. Each American Family policy insures against liability arising from the operation of the vehicle specified in the policy owned by the policyholder. Thus under this part of each policy in this case only the policy covering the Ford pickup truck covered liability incurred by reason of operation of the Ford pickup truck.

In addition, each American Family policy insures against the liability the policyholder and a relative residing in his or her household incur by reason of the operation of a vehicle not named in the policy as long as, inter alia, the vehicle involved in the accident is not also

349

owned by the policyholder or a relative residing in his or her household. This type of drive-other-car provision is found in many automobile insurance policies. Because each policy in this case defined coverage in this manner, the policies on the Ford LTD and on the van did not insure the insured in this case against any loss arising from operation of the Ford pickup truck. Therefore, only the policy covering the Ford pickup truck covered the loss incurred by the insured in this case by reason of operation of the Ford pickup truck.

The purpose of the drive-other-car provision is to enable the insurer to insure the policyholder (and the relative residing in his or her household) against liability incurred by the occasional or incidental use of cars not specified in the policy and to exclude liability by reason of the potential or actual habitual use of other vehicles owned by the policyholder, which would increase the risk of the insurer without a corresponding increase in the premium. This court has previously recognized that the purpose of the drive-other-car provision is to prevent a policyholder from insuring all the cars in one household by taking out just one policy and paying only one premium. See *Limpert v. Smith,* 56 Wis. 2d 632, 640, 203 N.W.2d 99 (1972).

In this case Larry Sailor purchased $25,000 in liability coverage for the Ford pickup truck, the vehicle he owned that was involved in this accident. He could have purchased more liability coverage for the Ford pickup. He chose not to. If stacking is permitted in this case, Larry Sailor would obtain increased unpurchased liability coverage for himself and the relatives residing in his household for operation of that Ford pickup. It does not make sense to conclude that the legislature intended sec. 631.43 (1) to allow the insured in this case to aggregate

the three policies to provide insurance protection that the policyholder did not purchase.

Because we conclude that only one policy in this case promised to indemnify the insured against the loss incurred in this case, we conclude that sec. 631.43 (1) is not applicable. We therefore affirm the judgment of the circuit court.

*By the Court.*—The judgment of the circuit court is affirmed.