Connie SCHULT, Plaintiff-Respondent,

v.

RURAL MUTUAL INSURANCE COMPANY, Defendant-Appellant,†

ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant.

Court of Appeals

*No. 94–2320. Submitted on briefs April 6, 1995.—Decided June 8, 1995.*

(Also reported in 536 N.W.2d 135.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Arnold P. Anderson* of *Mohr & Anderson, S.C.* of Hartford.

For the plaintiff-respondent the cause was submitted on the brief of *Bruce D. Huibregtse* and *Kevin S. Thompson* of *Stafford, Rosenbaum, Rieser & Hansen* of Madison.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

DYKMAN, J. Rural Mutual Insurance Company appeals from a summary judgment in which the trial court voided a limit of liability clause, thereby permitting the stacking of liability insurance. Rural argues that the trial court erred in determining that liability insurance could be stacked. According to Rural, because only one policy was purchased and only one premium was paid for nonowned vehicle coverage, the limit of liability clause is not a reducing clause but defines the extent of coverage. Rural also argues that only one recovery is permitted under the policy because the insured could only drive one vehicle at one point in time. We conclude that the limit of liability clause violates § 631.43(1), STATS., because the insured paid more than one premium for liability insurance covering the same loss and was operating a nonowned vehicle at the time of the accident. Accordingly, we affirm.

## BACKGROUND

The following facts are not in dispute. On April 19, 1992, Connie Schult was severely injured in an automobile accident. She was a passenger in a rental van being driven by Keith Schult. Connie has incurred in excess of $300,000 in medical expenses relating to her injuries.

The driver of the other vehicle involved in the accident was not insured. However, Keith owns an insurance policy issued by Rural for three of his own

vehicles. The policy provides liability insurance for this accident. The parties agree that Keith was negligent at the time of the accident, that his negligence was a cause of Connie's damages, and that Keith is legally responsible for Connie's damages.

The policy promises to pay up to $100,000 in liability insurance for bodily injuries for which Keith becomes legally responsible. Keith has paid three bodily injury premiums for each of his three vehicles. Rural agreed to pay Connie $100,000 for her damages but Connie sought an additional $200,000 in coverage arguing that the limit of liability clause was void and that the three liability coverages could be stacked. The trial court granted summary judgment in favor of Connie and ordered Rural to pay her an additional $200,000 plus interest and costs. Rural appeals.

## STANDARD OF REVIEW

An appeal from a grant of summary judgment raises an issue of law which we review *de novo* by applying the same standards employed by the trial court. *Brownelli v. McCaughtry*, 182 Wis. 2d 367, 372, 514 N.W.2d 48, 49 (Ct. App. 1994). Summary judgment methodology is well known. *See id.* We initially examine the complaint to determine if a claim has been stated and then the answer to determine if a material issue of fact has been raised. *Id.* We then look at the documents offered by the moving party to see if a *prima facie* case has been established and then at the documents offered by the party opposing the motion to determine if any material facts remain in dispute entitling the opposing party to a trial. *Id.* at 372-73, 514 N.W.2d at 49-50.

Whether liability insurance for which an insured has paid separate premiums under a single insurance policy may be stacked involves construing a contract and § 631.43(1), STATS. *West Bend Mut. Ins. Co. v. Playman*, 171 Wis. 2d 37, 40, 489 N.W.2d 915, 916 (1992). These are questions of law which we review *de novo. Id.* In construing an insurance policy, our duty is to give the policy language its plain meaning and determine what a reasonable person in the position of the insured would have understood the words to mean. *Garriguenc v. Love*, 67 Wis. 2d 130, 134-35, 226 N.W.2d 414, 417 (1975). In construing a statute, we examine the statute's language, and, absent any ambiguity, we give the language its ordinary meaning. *State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225-26, 496 N.W.2d 177, 179 (Ct. App. 1992).

## STACKING

Rural argues that the trial court erred when it permitted the stacking of liability insurance. According to Rural, stacking liability insurance is inappropriate because a specific clause in its policy limits its liability and at least two policies must be purchased before § 631.43(1), STATS., will void this clause. It also contends that the limit of liability clause is not a reducing clause, but instead defines the extent of coverage. We disagree.

Stacking is defined as an insured attempting to collect reimbursement for the same loss under several policies. *Carrington v. St. Paul Fire & Marine Ins. Co.*, 169 Wis. 2d 211, 223, 485 N.W.2d 267, 271 (1992). Section 631.43(1), STATS., provides in part:

237

> When 2 or more policies promise to indemnify an insured against the same loss, no "other insurance" provisions of the policy may reduce the aggregate protection of the insured below the lesser of the actual insured loss suffered by the insured or the total indemnification promised by the policies if there were no "other insurance" provisions.

For the purposes of § 631.43(1), a determination of whether an insured may stack coverage turns not on the number of policies purchased, but on the number of premiums paid for coverage for a particular loss. *Carrington*, 169 Wis. 2d at 223, 485 N.W.2d at 271-72. *See also Playman*, 171 Wis. 2d at 43-44, 489 N.W.2d at 917-18; *Fairbanks v. American Family Mut. Ins. Co.*, 181 Wis. 2d 838, 842 n.2, 512 N.W.2d 230, 232 (Ct. App. 1994). "Where an insured pays separate premiums, he or she receives separate and stackable uninsured motorist protections whether the coverage is provided in one or more . . . polic[ies]." *Carrington*, 169 Wis. 2d at 224, 485 N.W.2d at 272. Thus, when multiple premiums are paid for the same loss, a single limit clause is considered to be an "other insurance" provision and is void pursuant to § 631.43(1). *Id.*

The record should reflect whether separate premiums were paid. *See id.* at 225, 485 N.W.2d at 272. But, absent an express statement that a single premium was charged for coverage for all covered vehicles, it is reasonable for an insured to expect that the coverage is stackable. *Id.* at 225-26, 485 N.W.2d at 273.

Keith's Rural policy provides in part:

## INSURING AGREEMENT

**A.** We will pay damages for "bodily injury" . . . for which any "insured" becomes legally responsible because of an auto accident.

. . .

**B.** "Insured" as used in this Part means:

 **1.** You or any "family member" for the ownership, maintenance or use of any auto or "trailer."

 . . .

 **4.** For any auto or "trailer," other than "your covered auto," any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this part.

A separate clause also provides:

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

 **1.** "Insureds;"

 **2.** Claims made;

 **3.** Vehicles or premiums shown in the Declarations; or

**4.** Vehicles involved in the auto accident.

**B.** We will apply the limit of liability to provide any separate limits required by law for bodily injury and property damage liability. However, this provision (B.) will not change our total limit of liability.

■

The single limit shown on the declarations page is $100,000 each person, $300,000 each accident. The declarations page indicates that three premiums were paid for liability coverage for each of Keith's three vehicles. Each premium covers the same loss, *i.e.*, liability coverage for damages for bodily injury for which Keith becomes legally responsible. Because Rural received separate premiums for each of the three covered vehicles, it effectively issued three separate policies. *Carrington*, 169 Wis. 2d at 223, 485 N.W.2d at 271-72. Thus, we conclude the limit of liability clause is an "other insurance" provision which violates § 631.43(1), STATS., and is void.

Rural argues that the holdings in the uninsured motorist and underinsured motorist insurance cases, *i.e., Playman* and *Carrington*, which permit stacking when a single limit clause violates § 631.43(1), STATS., are inapplicable in this case. Rural asserts that unlike uninsured motorist or underinsured motorist insurance, liability insurance follows a vehicle and not the insured.

■

Contrary to Rural's assertions, we have determined that there is no basis in the law for limiting stacking to uninsured motorist and underinsured motorist cases. *State Farm Mut. Auto. Ins. Co. v. Conti-*

*nental Casualty Co.*, 174 Wis. 2d 434, 441 n.4, 498 N.W.2d 247, 250 (Ct. App. 1993). "Coverage questions (stacking or otherwise) are properly determined by construing the language of the insurance contract(s) and applying the applicable law." *Id.* Section 631.43(1), STATS., voids clauses which limit liability when more than one premium has been paid for coverage in which the insurer promises to indemnify an insured against the same loss. In the instant case, the limit of liability clause violates § 631.43(1) because it precludes multiple recoveries for the same loss.

Rural also argues that there is no evidence to suggest that Keith paid a separate premium for nonowned vehicle coverage. Therefore, it argues, § 631.43(1), STATS., is inapplicable. However, absent an express statement that a single premium covers all vehicles, an insured may reasonably expect that coverage is stackable. *Carrington*, 169 Wis. 2d at 225-26, 485 N.W.2d at 273. Because the declarations page shows that a separate premium was paid for liability insurance for each vehicle, we conclude that § 631.43(1) is applicable and the policy's limit of liability clause is void.

Additionally, Rural does not indicate under which of the three premiums Connie is entitled to $100,000 but maintains that Connie may recover under only one of the three because Keith could drive only one car at one time.[1] Rural agreed to pay Connie $100,000 for her damages pursuant to the liability insurance provision because Keith was driving a nonowned vehicle and

---

[1] Connie notes that this argument "ignores the fact that the policy covers more than one insured and more than one vehicle." We agree with Connie that because there is more than one insured covered by the policy, multiple recoveries would be possible.

241

became responsible for bodily injuries and not because Connie was injured while Keith was driving one of his covered vehicles. Consequently, the liability insurance in the instant case does not follow the vehicle, but follows the insured. In other words, under Keith's policy, when he is driving a nonowned vehicle, liability insurance is personal to him and may be stacked. *See State Farm*, 174 Wis. 2d at 440, 498 N.W.2d at 249 (in an accident involving a nonowned vehicle, provisions covering nonowned vehicles apply and *not those relating to coverage for the vehicle specified in the policy).*

Had Keith been driving one of his three covered vehicles, Connie's recovery would have been limited to $100,000 because each premium insured against liability arising from the operation of the vehicle specified in the policy. *See Agnew v. American Family Mut. Ins. Co.*, 150 Wis. 2d 341, 349, 441 N.W.2d 222, 226 (1989). The fact that he was not, however, does not persuade us that stacking is not permitted. In *State Farm* we stated:

> While we agree that the multiple coverage triggered by the facts of this case was fortuitous, we disagree that this result is unreasonable or illogical when examining the language of the policies and the intent of the contracting parties. The resolution of any coverage dispute is necessarily governed by the terms of the policy as negotiated by the parties. Here, State Farm consciously chose to issue seven separate liability policies to Thomas. In each policy, State Farm promised to indemnify an insured for any liability resulting from the operation [of] a nonowned vehicle. In exchange for these separately made promises, State Farm was paid seven separate premiums, each calculated to compensate for the risk. We see nothing unreasonable or illogical in

> our holding State Farm to its separate promises under such circumstances. The law of insurance coverage is not governed by the fortuity of events and whether stacking results. Rather it is governed by the contract of the parties.

*State Farm*, 174 Wis. 2d at 442, 498 N.W.2d at 250.

Rural agreed to pay damages for bodily injuries for which Keith became legally responsible. Rural made three separate agreements to pay by accepting three liability insurance premiums. Rural's duty to provide liability insurance turns on the fact that Keith was driving a nonowned vehicle, not that he was driving a covered vehicle. Accordingly, we conclude that the limit on liability clause is void and stacking is appropriate under the facts of this case thereby making Rural liable for an additional $200,000 plus interest and costs.

*By the Court.*—Judgment affirmed.