Karen C. MARTIN, and Allen H. Martin, Plaintiffs-Appellants-Petitioners,

CITY OF FRANKLIN, Involuntary-Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin insurance corporation, Defendant-Respondent,

Eric H. JOHNSEN, Henry Johnsen d/b/a Johnsen Construction, and ABC Insurance Company, the fictitious name for an unknown insurance company, Defendants.

Supreme Court

*No. 00–2344. Oral argument March 7, 2002.—Decided April 30, 2002.*

2002 WI 40

(Also reported in 643 N.W.2d 452.)

For the plaintiffs-appellants-petitioners there were briefs by *William M. Cannon, Edward E. Robinson* and *Cannon & Dunphy, S.C.*, Brookfield, and oral argument by *Edward E. Robinson*.

For the defendant-respondent there was a brief by *Timothy J. Pike, Michael J. Wirth* and *Peterson,*

*Johnson & Murray, S.C.,* Milwaukee, and oral argument by *Michael J. Wirth.*

¶ 1.    SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE.    This is a review of a published decision of the court of appeals, *Martin v. American Family Mutual Insurance Co.,* 2001 WI App 178, 247 Wis. 2d 386, 634 N.W.2d 127. The court of appeals affirmed the order of the circuit court for Milwaukee County, Victor Manian, Judge, dismissing the claims of Karen C. Martin and Allen H. Martin against Eric Johnsen's insurance company, American Family Mutual Insurance Company, for injuries sustained in an automobile accident.

¶ 2.    At the time of the accident Eric Johnsen was driving his father's pickup truck, which was available for Eric Johnsen's regular use. Under his father's liability policy with American Family Mutual Insurance Company, Eric Johnsen was insured as a permitted user of the pickup truck. The present case does not involve coverage under the father's policy but raises the question whether Eric Johnsen is insured under his own insurance policy with American Family while driving his father's vehicle. More specifically, the question of law presented for review is whether the "regular use" exclusion in Eric Johnsen's insurance policy with American Family[1] is invalid under Wis. Stat. § 631.43(1) (1999–2000).[2]

---

[1] The "regular use" exclusion in Eric Johnsen's policy provides that the insurance company is not liable for bodily injuries "arising out of the use of any vehicle . . . furnished or available for regular use by [the insured] or any resident of [his] household."

[2] Wisconsin Stat. § 631.43(1) provides:

> (1) General. When 2 or more policies promise to indemnify an insured against the same loss, no "other insurance" provisions

¶ 3. For the reasons set forth below, we conclude that the two insurance policies do not promise to indemnify an insured against the same loss and therefore § 631.43(1) does not apply to the present case. Accordingly, the decision of the court of appeals is affirmed.

I

¶ 4. The material facts of the present case are undisputed for purposes of this review. On August 10, 1996, Karen Martin was a passenger in an automobile that was struck from behind by a pickup truck driven by Eric Johnsen. Karen Martin suffered serious and permanent injuries. The pickup truck was owned by Eric Johnsen's father, Henry Johnsen, and was available for Eric Johnsen's regular use in connection with Eric Johnsen's employment by Johnsen Construction. At no time relevant to this case did the father and son reside in the same household.

¶ 5. Henry Johnsen maintained a liability insurance policy on the pickup truck with American Family. This policy indemnified Eric Johnsen for liability incurred as a result of his permitted use of the pickup truck. American Family settled the Martins' claim against Eric Johnsen for the full $150,000 liability limit of Henry Johnsen's policy.

¶ 6. The Martins' damages were in excess of the $150,000 limit of Henry Johnsen's policy, and the Martins seek additional recovery under Eric Johnsen's

---

of the policy may reduce the aggregate protection of the insured below the lesser of the actual insured loss suffered by the insured or the total indemnification promised by the policies if there were no "other insurance" provisions.

All subsequent references to the Wisconsin Statutes are to the 1999–2000 version, unless otherwise indicated.

liability policy with American Family that insured a van that Eric Johnsen owned. Eric Johnsen's van was not involved in the accident. But the Martins want to stack the two policies, that is, they want to aggregate the face amount of the policies. The liability limits under Eric Johnsen's policy are $100,000 per person.

¶ 7. Eric Johnsen's American Family liability policy promises to "pay compensatory damages an insured person is legally liable for because of bodily injury . . . due to the use of a car . . . ." The policy has, however, exclusions from coverage that limit this broad promise to pay damages for the use of a car. Among the exclusions from coverage is the "regular use" exclusion, which provides that American Family is not liable for bodily injuries "arising out of the use of any vehicle . . . furnished or available for regular use by [Eric Johnsen] or any resident of [his] household."

¶ 8. The Martins assert that the "regular use" exclusion in Eric Johnsen's policy with American Family is invalid under Wis. Stat. § 631.43(1) as an "other insurance" provision because both the father's and Eric Johnsen's American Family liability policies promise to indemnify Eric Johnsen against the same loss. The Martins contend that the "regular use" exclusion is, therefore, an invalid provision in the present case under Wis. Stat. § 631.43(1).

II

¶ 9. This appeal involves the interpretation of the insurance policy and the statute.

¶ 10. The interpretation of an insurance policy ordinarily presents a question of law that this court determines independent of the circuit court and court of appeals, but benefiting from their analyses.[3]

¶ 11. Statutory interpretation and the application of a statute to undisputed facts present questions of law that this court determines independent of the circuit court and court of appeals, but benefiting from their analyses.

## III

¶ 12. Our analysis of this case begins, as it must, with the language of Wis. Stat. § 631.43(1). Section 631.43(1) is not triggered unless and until two or more insurance policies promise to indemnify an insured against the same loss. In pertinent part the statute provides as follows:

> **Sec. 631.43 Other insurance provisions. (1) GENERAL.** When 2 or more policies promise to indemnify an insured against the same loss, no "other insurance" provisions of the policy may reduce the aggregate protection of the insured below the lesser of the actual insured loss suffered by the insured or the total indemnification promised by the policies if there were no "other insurance" provisions.

¶ 13. Stacking two or more policies is logical when the insured has two or more policies protecting against the same loss and expects to receive the proceeds of

---

[3] *State Farm Mut. Auto. Ins. Co. v. Gillette,* 2002 WI 31, ¶ 24, 251 Wis. 2d 561, 641 N.W.2d 662.

each policy. Therefore, the determinative question is whether both American Family liability policies promise to indemnify Eric Johnsen against the same loss. To answer this question we must examine the insurance policies and their application to the facts presented. We have repeatedly stated that the determination of whether policies promise to indemnify an insured against the same loss is made on a case-by-case basis.[4]

¶ 14.  In the present case, the father's policy with American Family promises to indemnify Eric Johnsen, as a permitted user of the pickup truck, for liability for the injury to the Martins. The question is whether Eric Johnsen's American Family policy promises to indemnify Eric Johnsen for liability for the injury to the Martins when he was driving his father's pickup truck.

¶ 15.  Eric Johnsen's policy with American Family explicitly states that Eric Johnsen is not indemnified for liability for his use of a non-owned vehicle that is available for his regular use. Thus Eric Johnsen and American Family did not contemplate American Family insuring Eric Johnsen when he was driving a non-owned vehicle available for his regular use.

¶ 16.  The Martins argue that Eric Johnsen's policy promises to indemnify Eric Johnsen for his use of the pickup truck, because the policy provides that American Family "will pay compensatory damages an insured person is legally liable for because of bodily injury . . . due to the use of a car . . . ."[5] The Martins contend that Wis. Stat. § 631.43(1) does not permit American Family to limit this broad coverage by exclud-

---

[4] *Wood v. Am. Family Ins.,* 148 Wis. 2d 639, 651, 436 N.W.2d 594 (1989).

[5] The parties agree that the father's pickup truck is a car within the meaning of Eric Johnsen's policy.

ing coverage for bodily injuries "arising out of the use of any vehicle . . . furnished or available for regular use by" Eric Johnsen. The Martins reason that giving the "regular use" exclusion effect in deciding the threshold question of whether two or more policies promise to indemnify an insured against the same loss puts the cart before the horse and is illogical and circular.

¶ 17. We are not persuaded by the Martins' reasoning. We conclude that our approach in *Agnew v. American Family Mutual Insurance Co.,* 150 Wis. 2d 341, 441 N.W.2d 222 (1989), governs the present case.[6] In *Agnew,* the plaintiff was injured while a passenger in a truck owned by Larry Sailor and driven by the owner's son, Scott Sailor.[7] The father owned three vehicles, each of which was insured by a separate liability policy.[8] The coverage and exclusion clauses in the three policies in *Agnew* are substantially similar to the coverage and exclusion clauses in Eric Johnsen's insurance policy with American Family.

¶ 18. In *Agnew,* each policy covered the father and the son (as a relative residing in the policyholder's household) for liability for bodily injury due to the use of not only the vehicle specified in the policy but all other vehicles except vehicles owned or regularly used by the policyholder or a relative residing in his house-

---

[6] As the court of appeals explained in its decision in the present case, other cases interpreting and applying Wis. Stat. § 631.43(1) do not present the same facts as the present case does, and therefore those cases do not affect our approach in the present case. *See Martin v. Am. Family Mut. Ins. Co.,* 2001 WI App 178, ¶¶ 11–14, 247 Wis. 2d 386, 634 N.W.2d 127.

[7] *Agnew v. Am. Family Mut. Ins. Co.,* 150 Wis. 2d 341, 343, 441 N.W.2d 222 (1989).

[8] *Agnew,* 150 Wis. 2d at 343.

110

hold.[9] The question presented was whether all three policies covered the same loss, so that the injured person could stack the three policies.

¶ 19.   The *Agnew* decision makes it clear, contrary to the Martins' argument, that in determining whether the multiple policies promise to indemnify an insured against the same loss, a court must examine the policy's coverage, the exclusions, and the purpose of the applicable exclusion.[10] The purpose of the "drive other car provision" in each of the policies in *Agnew* was to enable the insurance company to insure the policyholder against liability incurred by the occasional or incidental use of a vehicle not specified in the policy and to exclude liability incurred by reason of the potential or actual habitual use of other vehicles owned by the policyholder. The use of these other owned vehicles by the policyholder would increase the insurance company's risk without a corresponding increase in the premium.[11]

¶ 20.   In the present case, unlike in *Agnew,* the policyholder owns only one vehicle for which he bought insurance and paid premiums and was driving a non-owned vehicle for which a different policyholder paid premiums. This difference is not meaningful, because the purpose of the "regular use" exclusion for a non-owned vehicle in the present case is similar to the purpose of the "drive other car" provision in *Agnew.*

¶ 21.   The purpose of the "regular use" exclusion for a non-owned vehicle is to insure the policyholder against liability incurred by the occasional or incidental

---

[9] *Agnew,* 150 Wis. 2d at 343–44.

[10] *Agnew,* 150 Wis. 2d at 349–50.

[11] *Agnew,* 150 Wis. 2d at 350.

use of a vehicle not specified in the policy and to exclude liability by reason of the potential or actual habitual use of a non-owned vehicle by the policyholder. The evident intention of the "regular use" exclusion is to prevent a policyholder from having two or more vehicles actually or potentially used interchangeably but with the policyholder insuring only one of the vehicles, while the premium is based primarily on risks arising from the operation of one vehicle.

¶ 22.  In other words, the "regular use" exclusion is designed to prevent a policyholder from purchasing an insurance policy and paying the premium to insure a vehicle while in effect having available two vehicles for regular use—one that the policyholder owns and insures and another that the policyholder does not own but that is available to him for regular use. The potential or actual habitual use of a non-owned vehicle by the policyholder in the present case, just like the potential or actual habitual use of another owned vehicle by the policyholder in *Agnew,* increases the insurance company's risk without a corresponding increase in the premium.[12]

¶ 23.  Applying our reasoning in *Agnew* to the present case leads to the conclusion that Eric Johnsen's American Family policy does not promise to indemnify him for bodily injuries arising out of driving the father's pickup truck, which was available for his regular use.

---

[12] For discussions of the purpose of the "regular use" exclusion, see, for example, 8 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* §§ 121.64–121.66 at 121–87 to 121–91 (3d Ed. 1999); David B. Harrison, *When Is Automobile Furnished or Available for Regular Use Within "Drive Other Car" Coverage of Automobile Liability Policy,* 8 A.L.R.4th 387 at § 2 (1981); *Lumbermens Mut. Cas. Co. v. Pulsifer,* 41 F.Supp. 249, 251 (D. Me. 1941).

Only the father's policy covers the loss incurred by Eric Johnsen by reason of his permitted use of the father's pickup truck. Because we conclude that only one policy promised to indemnify Eric Johnsen against the loss incurred while driving his father's pickup truck, we further conclude that Wis. Stat. § 631.43(1) is not applicable to the present case. We therefore affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.