Michael S. Johnson, Plaintiff-Appellant,

Xavier J. Ruiz and Paul Price, Plaintiffs,

v.

Gerald Berge, Jon E. Litscher, John Sharpe, Vickie Sharpe, Tim Haines, Linda Hoddy Tripp and Gary Boughton, Defendants-Respondents.

Court of Appeals

*No. 02–0911. Submitted on briefs October 11, 2002.—Decided February 6, 2003.*

2003 WI App 51

(Also reported in 659 N.W.2d 418.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Michael S. Johnson,* pro se.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Jody J. Schmelzer,* assistant attorney general, and *James E. Doyle,* attorney general.

Before Dykman, Roggensack and Deininger, JJ.

¶ 1. DYKMAN, J.    Michael Johnson appeals from the denial of his motion for a change of venue and from an order dismissing his 42 U.S.C. § 1983 claims. We reverse the trial court's denial of Johnson's motion to change venue. We remand his 42 U.S.C. § 1983 claim with directions to address Johnson's First Amendment issues.

## I. BACKGROUND

¶ 2.    Johnson, an inmate, filed a summons and complaint alleging that the mail policy at Wisconsin Secure Program Facility (WSPF), formerly known as Supermax Correctional Institution, infringes on his speech protected by the First Amendment to the United States Constitution. The WSPF mail policy requires inmates to leave outgoing correspondence unsealed for purposes of inspection. Johnson amended his complaint

to include an additional claim that WSPF's behavior modification level system constituted an invalid de facto administrative rule. After the State filed a motion to dismiss, Johnson moved to change venue from Grant County to Dane County. Concluding that the level system was not a rule, the trial court denied Johnson's motion to change venue. The court, invoking issue preclusion, dismissed Johnson's claim that the mail policy violated the First Amendment.

## II. ISSUES

¶ 3. On appeal, Johnson raises five issues: (1) whether Dane County is the exclusive venue for judicial review of WSPF's level system because it constitutes a rule; (2) whether the trial court properly invoked issue preclusion against his claim that WSPF's mail policy infringes speech protected by the First Amendment to the United States Constitution; (3) whether the mail policy is a rule not promulgated pursuant to WIS. STAT. ch. 227; (4) he meant his 42 U.S.C. § 1983 claims to be declaratory judgment claims under ch. 227 (we do not reach this issue because Johnson does not sufficiently explain his argument, *see State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992)); and (5) he claims Dane County is the proper venue for both remaining claims because all of the defendants in their official capacities represent the State of Wisconsin pursuant to WIS. STAT. § 801.50(3) (2001–02).[1] We do not

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted. WISCONSIN STAT. § 801.50(3) reads:

All actions in which the sole defendant is the state, any state board or commission or any state officer, employee or agent in an

consider this argument because Johnson raises it for the first time in his reply brief.[2]

## III. ANALYSIS

### Motion to Change Venue

¶ 4.   Johnson asserts that the trial court erred by denying his motion to change venue of his challenge to the behavior modification level system to Dane County. We agree. WISCONSIN STAT. § 227.40(1) provides in pertinent part:  "Except as provided in sub. (2), the exclusive means of judicial review of the validity of a rule shall be an action for declaratory judgment as to the validity of such rule brought in the Circuit Court for Dane County." Thus we are presented with an issue of statutory interpretation, which we review de novo. *Martin v. American Family Mut. Ins. Co.*, 2002 WI 40, ¶ 11, 252 Wis. 2d 103, 643 N.W.2d 452. In *Heritage Credit Union v. Office of Credit Unions*, 2001 WI App 213, ¶ 24, 247 Wis. 2d 589, 634 N.W.2d 593, we noted:

> Since "promulgat[ion] without compliance with statutory rule-making procedures" is one ground for declaring a rule invalid under § 227.40, § 227.40 logically encompasses policies or other statements, standards, or orders that meet the definition of "rule" under WIS. STAT. § 227.01(13) but have not been promulgated as required by WIS. STAT. § 227.10.

official capacity shall be venued in Dane County unless another venue is specifically authorized by law.

[2] Because we remand with instructions to grant Johnson's motion for a change of venue, the trial court may wish to transfer the entire case to Dane County for reasons of judicial efficiency.

¶ 5. That is what Johnson is alleging. He asserts that the behavior modification level system is a rule, though it was never promulgated as one, and therefore, the "rule" is invalid. The venue for this claim is therefore in Dane County.

¶ 6. The State concedes that the Grant County Circuit Court lacked jurisdiction over Johnson's Wis. Stat. ch. 227 claim. It asserts, however, that it is likely that Dane County also lacked jurisdiction because Johnson has not indicated that he served a copy of his petition on the joint committee for review of administrative rules or on the attorney general. *Harris v. Reivitz*, 142 Wis. 2d 82, 92–93, 417 N.W.2d 50 (Ct. App. 1987), held that by analogy to Wis. Stat. § 806.04(11), the failure to serve the joint committee for review of administrative rules with a copy of the petition deprived the court of subject matter jurisdiction.

¶ 7. There are three problems with the State's reasoning. First, in *Harris*, it was undisputed that the joint committee was not served. Here, the State is only assuming that this is true. Second, if Grant County lacked jurisdiction to consider Johnson's Wis. Stat. ch. 227 claim, it logically could not consider the requirements for that claim to begin with. A Dane County judge would have to make that determination. Third, since *Harris*, the supreme court has considered the effect of a defect in venue. *Kett v. Cmty. Credit Plan*, 228 Wis. 2d 1, 596 N.W.2d 786 (1999).

¶ 8. In a footnote, the *Kett* court noted that no circuit court is without subject matter jurisdiction, citing *Mueller v. Brunn*, 105 Wis. 2d 171, 176, 313 N.W.2d 790 (1991). Rather than considering the constitutionality of Wis. Stat. § 421.401(2)(b), the court said: "In this case we have a statutory requirement

(venue), and our discussion focuses on the effect of non-compliance with this statutory requirement." *Kett*, 228 Wis. 2d at 13 n.12. The court discussed WIS. STAT. § 801.50(1), which provides: "A defect in venue shall not affect the validity of any order or judgment." It concluded:

> In other words, the 1983 legislature extensively overhauled the general venue provision of Wis. Stat. § 801.50 to declare that venue is not a jurisdictional matter and simultaneously declared that venue is a jurisdictional matter in actions relating to consumer credit transactions.

*Kett*, 228 Wis. 2d at 16.

¶ 9. The question of the appropriate procedure when one of several claims in a complaint is improperly venued is a question of first impression. But, *Mueller*, 105 Wis. 2d at 176, tells us that *Harris*'s holding that failure to serve the joint committee for review of administrative rules deprives a court of subject matter jurisdiction is suspect. And since *Harris*, we have concluded that when venue is improper, the appropriate response is a motion for a change of venue, not a motion to dismiss. *See State ex rel. Hansen v. Circuit Court for Dane County*, 181 Wis. 2d 993, 1001–02, 513 N.W.2d 139 (Ct. App. 1994), and *Kohlbeck v. Reliance Constr. Co.*, 2002 WI App 142, ¶ 20, 256 Wis. 2d 235, 647 N.W.2d 277 (defect in venue is not jurisdictional defect).

¶ 10. Regardless of the concurring opinion's observations, this case has nothing to do with a court's jurisdiction. *Eberhardy v. Circuit Court for Wood County*, 102 Wis. 2d 539, 307 N.W.2d 881 (1981), laid that question to rest over two decades ago. Nor does it have anything to do with a court's competence. *Kett* addressed that issue recently, and concluded that the

focus in an improper venue case is not on terminology, but on the effect of non-compliance with a statutory requirement. *Kett*, 228 Wis. 2d at 13 n.12. However, the State's brief asserts that the trial court lacked "jurisdiction," citing *Harris*. The State then suggests that a Dane County Circuit Court would also lack jurisdiction. We addressed the State's arguments above, concluding that the issue before us is properly analyzed as one of venue, not jurisdiction. We are, of course, prohibited from overruling *Harris*. *See Cook v. Cook*, 208 Wis. 2d 166, 190, 560 N.W.2d 246 (1997). We therefore noted only that *Harris*'s holding is "suspect." *See id.* at 190. Because neither the State nor Johnson argues or even suggests that the trial court lacked "competence," we do not address that issue. Were we to do so, we would properly be criticized for writing *dicta*. In short, the word "jurisdiction" appears in this opinion only to describe an argument the State has made. Though we address this argument, we do not adopt the State's nomenclature by doing so.

¶ 11. We conclude that the trial court erred by denying Johnson's motion to change the venue of his attack on WSPF's level system to Dane County. We remand with instructions to grant the motion.[3]

### *Issue Preclusion—Outgoing Mail Policy*

¶ 12. Johnson argues that it is fundamentally unfair for the trial court to use issue preclusion to dismiss his 42 U.S.C. § 1983 claim. Wisconsin recog-

---

[3] The trial court may consider whether to transfer the entire case to Dane County pursuant to WIS. STAT. § 801.52, or whether to transfer Johnson's WIS. STAT. ch. 227 claim to Dane County and itself resolve Johnson's other issues.

nizes defensive use of issue preclusion against plaintiffs who were not a party in the prior action. *Jensen v. Milwaukee Mut. Ins. Co.*, 204 Wis. 2d 231, 237, 554 N.W.2d 232 (Ct. App. 1996). Johnson does not dispute that there is a sufficient privity of interest between him and the litigant in the prior case, *State ex rel. Harr v. Berge*, Grant County Case No. 00–CV-359. He appears to contend that preclusion is fundamentally unfair for three reasons: (1) he interprets Wis. Admin. Code § DOC 309.04(4) differently than plaintiff Harr;[4] (2) as a matter of law, he was unable to seek judicial review of Harr's certiorari action; and (3) public policy requires fair and full adjudication because issue preclusion endangers a WSPF inmate's respect for the penal system. ██

¶ 13. The trial court is to consider an array of factors when determining whether issue preclusion comports with fundamental fairness. *Jensen*, 204 Wis. 2d at 237–38. Specifically:

> (1) could the party against whom preclusion is sought, as a matter of law, have obtained review of the judgment; (2) is the question one of law that involves two distinct claims or intervening contextual shifts in the

---

[4] Wisconsin Admin. Code § DOC 309.04(4)—Inmate mail, provides in pertinent part:

> Except as provided in sub. (3), the department shall apply the following restrictions to all inmate correspondence:

> (a) Incoming and outgoing mail may be opened and inspected for contraband. It shall not be delivered if it contains contraband.

> 1(b) Correctional staff may read mail other than mail specified in (3) in order to ensure the safety of the institution, institution staff, inmates and the general public. If the correspondence is between inmates and concerns joint legal matters, staff shall not read further and staff shall submit the mail for delivery.

law; (3) do significant differences in the quality or extensiveness of proceedings between the two courts warrant relitigation of the issue; (4) have the burdens of persuasion shifted such that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; or (5) are matters of public policy and individual circumstances involved that would render the application of collateral estoppel to be fundamentally unfair, including inadequate opportunity or incentive to obtain a full and fair adjudication in the initial action?

*Michelle T. v. Crozier*, 173 Wis. 2d 681, 688–89, 495 N.W.2d 327 (1993).

¶ 14.  *Paige K.B. v. Steven G.B.*, 226 Wis. 2d 210, 594 N.W.2d 370 (1999), considered the standard of review that we are to apply in issue preclusion cases, and concluded that a two-step analysis is required. Whether the litigants in the two cases were in privity or have a sufficient identity of interest is a question of law, which we are to review de novo. *Id.* at 224–25. Whether the party against whom issue preclusion is sought could have obtained judicial review of the prior judgment is also a question of law. *Id.* at 225. The circuit court is to exercise its discretion to consider an array of factors to determine fairness. *Id.* And in general, the availability of issue preclusion is a mixed question of law and fact in which legal issues predominate. *Id.*

¶ 15.  The record contains a restatement of the trial court's decision in the prior case of *State ex rel. Harr v. Berge*, Grant County Case No. 00–CV-359. But we do not have the record, briefs or opinion in *Harr*, and we cannot determine the extent to which Johnson's claims relate to *Harr*. Johnson claims that his attack on

the outgoing mail policy is different from Harr's, but we cannot verify this assertion. The State asserts that a copy of the *Harr* opinion is attached to the record at Item 12, but it is not there. We know little about the validity of Johnson's claims because Johnson is pro se and the State did not respond to Johnson's issues. Instead, it filed a motion to dismiss, asserting issue preclusion. Therefore, we have no assistance from the State on Johnson's 42 U.S.C. § 1983 claim. The record we have is insufficient to permit us to review *Harr*, and, applying the appropriate standard of review to its various parts, affirm or reverse the trial court's findings, exercise of discretion, and conclusions of law. We therefore remand with directions to consider the merits of Johnson's claim.[5]

*By the Court.*—Order reversed and cause remanded with directions.

¶ 16.  ROGGENSACK, J. (*concurring*).  While I generally agree with the reasoning of the majority opinion and do concur in the result reached, I write this concurrence to point out a confusion often inherent in appellant opinions, that I believe needs clarification. My concern is the use of the words "subject matter jurisdiction," or simply "jurisdiction," when what is at issue is the competency of the circuit court to proceed.

¶ 17.  The terms competence and jurisdiction have been used without precision by courts and others on a repeated basis. *Ocasio v. Froedtert Mem'l Lutheran Hosp.*, 2001 WI App 264, ¶ 1 n.2, 248 Wis. 2d 932, 637 N.W.2d 459, *rev'd on other grounds*, 2002 WI 89, 254

---

[5] The State believes that it is "likely" that Johnson did not serve necessary entities, leaving his complaint vulnerable to a motion to dismiss for that reason. This too is a matter that should be presented to the trial court on remand.

Wis. 2d 367, 646 N.W.2d 381. The two terms have very different underlying concepts. Subject matter jurisdiction is the power of the court to hear and decide a particular case or controversy. *P.C. v. C.C.*, 161 Wis. 2d 277, 297, 468 N.W.2d 190, 198 (1991). A lack of subject matter jurisdiction can never be waived. *State ex rel. Skinkis v. Treffert*, 90 Wis. 2d 528, 531, 280 N.W.2d 316, 317 (Ct. App. 1979). In Wisconsin, a circuit court's jurisdiction over state claims is conferred by the Wisconsin Constitution. *Miller Brewing Co. v. LIRC*, 173 Wis. 2d 700, 705 n.1, 495 N.W.2d 660, 662 n.1 (1993). On the other hand, competence is the ability of a court to exercise its subject matter jurisdiction in regard to a particular issue in a particular case. *Ocasio*, 2001 WI App 264 at ¶ 1 n.2.

¶ 18. In paragraphs 5 through 8, the majority opinion parces the effect of not following statutory procedures on a ch. 227 claim. It adopts the nomenclature used by the state, "jurisdiction," rather than the nomenclature presented by the issue at hand, "competence." Were I writing for the majority, I would conclude that the Grant County Circuit Court lacked competence to consider Johnson's ch. 227 claim because the legislature has determined the methodology by which challenges to rules must be made. As part of the legislative directive, Dane County Circuit Court was established as the forum in which to bring such claims. Accordingly, the Grant County Circuit Court did not provide a competent forum to decide Johnson's claim; and therefore, it may not proceed in that forum.