## COURT OF APPEALS
## DECISION
## DATED AND FILED

## March 10, 2026

**Samuel A. Christensen**
**Clerk of Court of Appeals**

### NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2024AP992**

Cir. Ct. No. 2022CV4410

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT I**

---

DAVID M. FREDRICH AN INCOMPETENT, BY HIS GUARDIAN AD LITEM, ROBERT L. JAKULSKI,

     PLAINTIFF-APPELLANT,

  V.

FARMERS GROUP PROPERTY & CASUALTY INS. CO.,

     DEFENDANT-RESPONDENT,

WISCONSIN DEPARTMENT OF HEALTH SERVICES AND NETWORK HEALTH PLAN,

     DEFENDANTS.

---

     APPEAL from an order of the circuit court for Milwaukee County: WILLIAM W. BRASH, III, Reserve Judge. *Reversed and cause remanded with directions.*

     Before White, C.J., Colón, P.J., and Geenen, J.

¶1     GEENEN, J.   David M. Fredrich, by his guardian ad litem Robert L. Jakulski ("Fredrich"), appeals from a circuit court order granting summary judgment to Farmers Group Property & Casualty Insurance Co. ("Farmers").  The circuit court concluded that Fredrich was excluded from receiving underinsured motorist ("UIM") benefits under the Farmers insurance policy issued to Fredrich's mother and brother because Fredrich owned an uninsured vehicle.  It granted summary judgment to Farmers and denied Fredrich's motion for declaratory judgment.  For the following reasons, we reverse the circuit court's order granting summary judgment to Farmers and remand the cause with directions that the court grant Fredrich's motion for declaratory judgment because the exclusion relied upon by Farmers is an unlawful "drive other car" exclusion under WIS. STAT. § 632.32(5)(j) (2021-22).[1]

## BACKGROUND

¶2     The facts relevant to this appeal are undisputed.  Fredrich was injured when he was hit by an underinsured driver while riding his bicycle.  At the time of the accident, Fredrich lived with his mother and brother, and he owned an uninsured 2005 Toyota Corolla.  Fredrich's mother and brother were issued a policy of automobile insurance by Farmers (the "Policy") that was in effect at the time Fredrich was injured, and the Policy contained an Underinsured Motorists Coverage Endorsement (the "UIM Endorsement").

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version.

¶3    The UIM Endorsement stated that Farmers will pay compensatory damages sustained by an "**insured**" caused by an underinsured vehicle.[2]  The UIM Endorsement defined "**insured**" as "**you** or any **relative**."  The main body of the Policy defined "**relative**" as "a person, other than **you**, who is a resident of **your** household, and is related to **you** by blood, marriage, civil union, registered domestic partnership, or adoption."  The Policy also contained a Wisconsin State Provisions Endorsement.  This endorsement added the following language to the definition of "**relative**" contained in the main body of the Policy: "**Relative** excludes any person who, or whose spouse, owns or insures an **auto**, **motorcycle**, or motor home, other than a **covered auto**."

¶4    Fredrich sued Farmers claiming that he was entitled to UIM benefits under the Policy because he was a "**relative**" of the named insureds.  Farmers moved for summary judgment, and Fredrich moved for declaratory judgment.  Fredrich argued that the Policy's language with respect to who qualified as a "**relative**" was contradictory and ambiguous, and as a consequence, that ambiguity must be resolved in favor of coverage.  Fredrich also argued that the language added to the definition of "**relative**" by the Wisconsin State Provisions Endorsement constituted a "drive other car" exclusion,[3] and because the exclusion did not conform to Wis. Stat. § 632.32(5)(j), it could not be enforced.

¶5    Farmers argued that the plain terms of the Policy unambiguously excluded any person who owned an uncovered vehicle from the definition of

---

[2] When quoting the Policy, we retain the Policy's bolding of certain words and phrases because the bolding indicates to the insured that the bolded words and phrases are specially defined by the Policy.

[3] A drive other car exclusion typically prevents a policyholder from insuring all the cars in one household by taking out just one policy on one vehicle, and paying only one premium. *See, e.g.*, *Agnew v. American Fam. Mut. Ins. Co.*, 150 Wis. 2d 341, 350, 441 N.W.2d 222 (1989).

"**relative**," and because Fredrich owned the uninsured Toyota Corolla, he fell outside the Policy's definition of "**relative**." Farmers also argued that the exclusionary language added to the definition of "**relative**" by the Wisconsin State Provisions Endorsement did not qualify as a "drive other car" exclusion because Fredrich was seeking to invoke personal and portable UIM coverage under a family member's insurance policy. Whether Fredrich is entitled to UIM benefits depends upon whether he qualifies as an "**insured**," and because this potential coverage is tied to Fredrich and not a vehicle, WIS. STAT. § 632.32(5)(j) does not apply.

¶6     The circuit court granted Farmers' motion for summary judgment. It did not consider the Policy to be ambiguous as to the applicable definition of "**relative**," and moreover, it construed the definition as a term limiting initial grants of coverage rather than a definition that excludes coverage after an initial grant of coverage under the Policy's insuring agreement. The circuit court further concluded that, if it were to construe the definition of "**relative**" as an exclusion, the exclusion would not be prohibited by WIS. STAT. § 632.32(5)(j). The circuit court reasoned that § 632.32(5)(j) describes a permissible exclusion and that it would be unreasonable to interpret the provision "as prohibiting an otherwise lawful exclusion."

¶7     Fredrich appeals.

## DISCUSSION

### I.     Standard of review.

¶8     Fredrich appeals from the circuit court's order granting summary judgment to Farmers. We review summary judgments de novo, applying the same methodology employed by the circuit court. ***American Fam. Mut. Ins. Co. v.***

*American Girl, Inc.*, 2004 WI 2, ¶22, 268 Wis. 2d 16, 673 N.W.2d 65. Summary judgment is appropriate where, based on the pleadings, depositions, interrogatories, and affidavits on file, there is no genuine dispute as to any material fact, and a party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2); *American Girl*, 268 Wis. 2d 16, ¶22.

¶9 Fredrich argues that the definition of "**relative**" that applies to UIM coverage under the Policy is ambiguous and that ambiguity should have been construed in favor of coverage. Fredrich also argues that the amended definition of "**relative**" in the Wisconsin State Provisions Endorsement is an unlawful "drive other car" exclusion because it does not conform to WIS. STAT. § 632.32(5)(j). Interpreting and applying § 632.32(5)(j) and the Policy to undisputed facts are questions of law subject to independent appellate review. *Vieau v. American Fam. Mut. Ins. Co. & Acuity*, 2006 WI 31, ¶11, 289 Wis. 2d 552, 712 N.W.2d 661.

## II. The definition of "relative" unambiguously excludes any person who owns an uncovered vehicle.

¶10 Fredrich argues that he is a "**relative**" as that term is defined by the main body of the Policy. Therefore, the circuit court should have concluded that he was an "**insured**" under the UIM Endorsement and that there was coverage for his UIM claim. Fredrich further argues that the amended definition of "**relative**" is an exclusion in disguise because it conflicts with and makes meaningless several provisions in the main body of the Policy. According to Fredrich, the conflicts between these provisions render ambiguous the applicable definition of "**relative**," and this ambiguity should have been resolved in favor of coverage.

¶11 Farmers argues that the Policy is easy to follow, and a reasonable insured would understand that the Wisconsin State Provisions Endorsement added

language to the definition of "**relative**" in the main body of the Policy, specifying that "**Relative** excludes any person who, or whose spouse, owns or insures an **auto**, **motorcycle**, or motor home, other than a **covered auto**." Farmers also argues that there is no conflict between the amended definition of "**relative**" and the provisions of the Policy highlighted by Fredrich because those provisions involve hypothetical scenarios not at issue here.

¶12 Judicial interpretation of an insurance policy, like other contracts, seeks to determine and give effect to the intent of the contracting parties. *American Girl*, 268 Wis. 2d 16, ¶23. "Insurance policies are construed as they would be understood by a reasonable person in the position of the insured." *Id.* "However, we do not interpret insurance policies to provide coverage for risks that the insurer did not contemplate or underwrite and for which it has not received a premium." *Id.*

¶13 We agree with Farmers that a reasonable insured would understand that the definition of "**relative**" unambiguously excludes any person who owns an uncovered vehicle. The Policy is relatively short and not difficult to follow. The first page of the Declarations instructs the insured that "Coverages are defined in the policy and are subject to the terms and conditions contained in the policy, including amendments and endorsements." The General Definitions contained in the main body of the Policy set forth definitions for both "**insured**" and "**relative**."

¶14 Upon reaching the UIM Endorsement, a reasonable insured would understand that although the General Definition for "**insured**" was changed for the purposes of UIM coverage, the General Definition of "**relative**" remained in effect. The UIM Endorsement's definition of "**insured**" includes "**you** or any **relative**." Upon reaching the Wisconsin State Provisions Endorsement, a reasonable insured

would understand that this endorsement was adding the following language to the General Definition of "**relative**": "**Relative** excludes any person who, or whose spouse, owns or insures an **auto**, **motorcycle**, or motor home, other than a **covered auto**."

¶15    Thus, a reasonable insured would understand that the UIM Endorsement's definition of "**insured**" for purposes of UIM coverage included "**you** and any **relative**." A reasonable insured would understand that "**relative**" is a specially defined term, and the applicable definition is contained in the main body of the Policy, with the additional language set forth in the Wisconsin State Provisions Endorsement:

> **RELATIVE** means a person, other than **you**, who is a resident of **your** household, and is related to **you** by blood, marriage, civil union, registered domestic partnership, or adoption.
>
> **Relative** excludes any person who, or whose spouse, owns or insures an **auto**, **motorcycle**, or motor home, other than a **covered auto**.

¶16    Fredrich argues that the amended definition of "**relative**" renders superfluous three other provisions in the UIM Endorsement. First, the definition of "**underinsured motor vehicle**" excludes autos "owned by, leased to, regularly furnished or available for the use of **you** or any **relative**." Second, Exclusion A states that Farmers "do[es] not cover any person **occupying** or struck by a **motor vehicle** owned by **you** or a **relative**, other than a **covered auto**." Third, Exclusion G states that Farmers "do[es] not cover a **relative** who owns, leases or has available for their regular use, an **auto** which is insured for underinsured motorists coverage on a primary basis under any other policy." We disagree that the amended definition of "**relative**" renders these provisions superfluous. All three of these provisions

7

would be effective in certain factual situations that the amended definition of "**relative**" does not address.

¶17 Accordingly, we conclude that the Policy's definition of "**relative**" unambiguously excludes any person who owns an uncovered vehicle.

### III. The amended definition of "relative" is an unlawful "drive other car" exclusion prohibited by WIS. STAT. § 632.32(5)(j).

¶18 Fredrich argues that the amended definition of "**relative**" amounts to an invalid "drive other car" exclusion. Fredrich claims that all "drive other car" exclusions must conform to the conditions set forth in WIS. STAT. § 632.32(5)(j), and because the definitional exclusion of "**relative**" in the Wisconsin State Provisions Endorsement does not conform to those statutory conditions, it is unenforceable against Fredrich. We agree with Fredrich.

¶19 We begin by examining WIS. STAT. § 632.32, which governs motor vehicle insurance. "The statutory scheme provides for insurance clauses that are mandatory, prohibited, and permissive." *Belding v. Demoulin*, 2014 WI 8, ¶24, 352 Wis. 2d 359, 843 N.W.2d 373. Statutory interpretation begins with the language of the statute, and if the meaning of the language is plain, we ordinarily stop the inquiry. *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. The context in which statutory language is used, as well as the structure of the statute in which the operative language appears, is important to meaning. *Id.*, ¶46. "Therefore, statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*

¶20    WISCONSIN STAT. § 632.32(5)(e) states that "[a] policy may provide for exclusions not prohibited by sub. (6) or other applicable law. Such exclusions are effective even if incidentally to their main purpose they exclude persons, uses or coverages that could not be directly excluded under sub. (6)(b)." Our supreme court "has fashioned a two-part test to determine the validity of a particular exclusion" under the statute. *Blazekovic v. City of Milwaukee*, 2000 WI 41, ¶12, 234 Wis. 2d 587, 610 N.W.2d 467 (citing *Clark v. American Fam. Mut. Ins. Co.*, 218 Wis. 2d 169, 174, 577 N.W.2d 790 (1998)). "First, we must direct our focus to WIS. STAT. § 632.32(6) and decide whether the exclusion fits the description of any of the enumerated prohibitions." *Blazekovic*, 234 Wis. 2d 587, ¶13. If it does not, "we proceed to the second part of the test, which requires that we examine any 'other applicable law' that may prohibit the exclusion." *Id.* "Absent any other applicable law prohibiting the exclusion, it remains valid." *Id.*

¶21    Both parties agree, as do we, that our supreme court's decision in *Vieau* controls the first part of the test (i.e., whether WIS. STAT. § 632.32(6)(b) prohibits the exclusion).[4] Following *Vieau*, we conclude that the amended definition of "**relative**" in the Wisconsin State Provisions Endorsement is

---

[4] In *Vieau v. American Family Mutual Insurance Co. & Acuity*, 2006 WI 31, 289 Wis. 2d 552, 712 N.W.2d 661, the court dealt with a definitional exclusion functionally identical to the one at issue in the instant case. The policy defined "insured person" as "you or a relative," and "relative" was defined as "a person living in your household, related to you by blood, marriage or adoption. It does not include any person who, or whose spouse, owns a motor vehicle other than an off-road motor vehicle." *Id.*, ¶7 (citation modified). While WIS. STAT. § 632.32(6)(b)1. prohibits excluding from coverage persons related to the insured by blood, marriage, or adoption, § 632.32(5)(e) states that "[s]uch exclusions are effective even if incidentally to their main purpose they exclude persons, uses or coverages that could not be directly excluded under sub. (6)(b)." The court concluded the exclusion was permissible under § 632.32(5)(e) because although the exclusion would have the effect of excluding persons related to the insured by blood, marriage, or adoption, this effect was incidental to the main purpose of the exclusion, which was "to prevent resident relatives who own their own vehicles from piggybacking on the … UIM coverage of a single insured." *Vieau*, 289 Wis. 2d 552, ¶29.

permissible under § 632.32(5)(e) because although it has the effect of excluding persons related to the insured, *see* § 632.32(6)(b)1., that effect is incidental to the main purpose of the exclusion, which is to prevent resident relatives who own their own vehicles from piggybacking on the UIM coverage of a single insured, *see* § 632.32(5)(e); *Vieau*, 289 Wis. 2d 552, ¶¶7, 29.

¶22　　With respect to the second part of the test, Fredrich maintains that the amended definition of "**relative**" is prohibited by "other applicable law."[5]　In particular, Fredrich points to WIS. STAT. § 632.32(5)(j) and our supreme court's decision in ***Blazekovic v. City of Milwaukee***, arguing that the amended definition of "**relative**" constitutes a prohibited "drive other car" exclusion. In ***Blazekovic***, the court concluded that "drive other car" exclusions are prohibited unless they conform to the conditions set forth in § 632.32(5)(j). ***Blazekovic***, 234 Wis. 2d 587, ¶¶21-22. Fredrich claims that because the amended definition of "**relative**" does not conform to the conditions set forth in § 632.32(5)(j), it is prohibited under ***Blazekovic***.

¶23　　WISCONSIN STAT. § 632.32(5)(j) states:

> (j) A policy may provide that any coverage under the policy does not apply to a loss resulting from the use of a motor vehicle that meets all of the following conditions:
>
> 　　1. Is owned by the named insured, or is owned by the named insured's spouse or a relative of the named insured if the spouse or relative resides in the same household as the named insured.
>
> 　　2. Is not described in the policy under which the claim is made.

---

[5] The ***Vieau*** court did not discuss the second part of the test (i.e., whether "other applicable law" prohibits the exclusion). ***Vieau***, 289 Wis. 2d 552, ¶23 n.6.

3. Is not covered under the terms of the policy as a
newly acquired or replacement motor vehicle.

¶24 Prior to the enactment of WIS. STAT. § 632.32(5)(j), courts frequently invalidated "drive other car" exclusions based on the "broad purpose" that such coverage is personal and portable "under all circumstances." *Blazekovic*, 234 Wis. 2d 587, ¶19 (citation omitted). The goal of these exclusions was to address the "free rider" problem. *Belding*, 352 Wis. 2d 359, ¶36.

> Wisconsin courts have long recognized that the purpose of the drive other cars exclusion is to provide coverage to the insured when he or she has infrequent or casual use of a vehicle other than the one described in the policy, but to exclude coverage of a vehicle that the insured owns or frequently uses for which no premium has been paid.

*Westphal v. Farmers Ins. Exch.*, 2003 WI App 170, ¶11, 266 Wis. 2d 569, 669 N.W.2d 166; *see also Agnew v. American Fam. Mut. Ins. Co.*, 150 Wis. 2d 341, 350, 441 N.W.2d 222 (1989) ("[T]he purpose of the drive-other-car provision is to prevent a policyholder from insuring all the cars in one household by taking out just one policy and paying only one premium.").

¶25 Our supreme court explained that WIS. STAT. § 632.32(5)(j) "has replaced the broad proposition … that uninsured motorist coverage is available in *all* circumstances," because "[t]here is a particular type of 'drive other car' exclusion that now is allowed under the statute." *Blazekovic*, 234 Wis. 2d 587, ¶22. However, the statute "has not eviscerated the general prohibition against 'drive other car' exclusions." *Id.*

¶26 The circuit court concluded that the amended definition of "**relative**" did not violate WIS. STAT. § 632.32(5)(j) because the statute describes a permissible exclusion, and it would be unreasonable to interpret the statute "as prohibiting an otherwise lawful exclusion." This reasoning was specifically rejected by our

11

supreme court in ***Blazekovic***. The insurer in ***Blazekovic*** argued that § 632.32(5)(j) "represents a permissive statute and nothing therein reflects a prohibitory intent." ***Blazekovic***, 234 Wis. 2d 587, ¶17. The ***Blazekovic*** court did not dispute the permissive nature of § 632.32(5)(j), but it did not discern an intent to approve "drive other car" exclusions except those that complied with the statutory requirements. ***Blazekovic***, 234 Wis. 2d 587, ¶¶24, 27. The ***Blazekovic*** court also concluded that such an interpretation would render § 632.32(5)(j) superfluous. "There would be no need to separately provide for a permitted exclusion because by virtue of not being enumerated in [§] 632.32(6) an exclusion would be rendered valid." ***Blazekovic***, 234 Wis. 2d 587, ¶30. Accordingly, we cannot accept the circuit court's reasoning because it is in conflict with ***Blazekovic***.

¶27 While Fredrich maintains that the amended definition of "**relative**" constitutes a "drive other car" exclusion that must meet the conditions of WIS. STAT. § 632.32(5)(j) in order to be valid, Farmers argues that the amended definition of "**relative**" is not a "drive other car" exclusion because it is not tied to the use of a motor vehicle.

¶28 Farmers misreads the statute. Indeed, it is precisely because the exclusion is not tied to the use of a motor vehicle that it fails to conform to WIS. STAT. § 632.32(5)(j). A valid "drive other car" exclusion under § 632.32(5)(j) does not arise solely by owning a vehicle that meets the statutory criteria. The statute plainly requires that the loss result from the "use" of that motor vehicle. *See **Kalal***, 271 Wis. 2d 633, ¶45. Here, however, the Policy excludes UIM coverage for resident relatives if they own an uncovered vehicle, and it does not matter whether the uncovered vehicle was "used" at all.

12

¶29 WISCONSIN STAT. § 632.32(5)(j) requires that valid "drive other car" exclusions be tied to the "use" of a vehicle meeting the statutory criteria. The Policy's amended definition of "**relative**" is not tied to the "use" of the other vehicle, requiring only that a "**relative**" own an uncovered vehicle in order to be excluded from UIM benefits under the Policy. The exclusion, therefore, does not conform to the requirements of § 632.32(5)(j) and cannot be enforced.[6]

---

[6] Farmers argues that the amended definition of "**relative**" applies to determine whether there is an initial grant of coverage and, because the definition informs the initial coverage determination, it does not exclude claims otherwise within the scope of coverage. Fredrich argues that applying the amended definition at the first step, to determine initial coverage, is— essentially—an unlawful work around to an otherwise prohibited exclusion. Fredrich argues that binding caselaw demands that we treat the amended definition of "**relative**" as an exclusion because the definition functions as an exclusion, and treating a definition differently from an exclusion "merely because it is couched in the definition section of the policy would be to exalt form over substance[.]" *Rodey v. Stoner*, 180 Wis. 2d 309, 313, 509 N.W.2d 316 (Ct. App. 1993), *superseded by statute as recognized in Taylor v. Greatway Ins. Co.*, 2001 WI 93, ¶23, 245 Wis. 2d 134, 628 N.W.2d 916.

It is well established that in resolving questions of insurance coverage, "[f]irst, we examine the facts of the insured's claim to determine whether the policy's insuring agreement makes an initial grant of coverage." *American Fam. Mut. Ins. Co. v. American Girl, Inc.*, 2004 WI 2, ¶24, 268 Wis. 2d 16, 673 N.W.2d 65. "If it is clear that the policy was not intended to cover the claim asserted, the analysis ends there." *Id.* However, "[i]f the claim triggers the initial grant of coverage in the insuring agreement, we next examine the various exclusions to see whether any of them preclude coverage of the present claim." *Id.*

We observe tension between our published opinion in *Miller v. West Bend Mutual Insurance Co.*, 2024 WI App 66, 414 Wis. 2d 246, 14 N.W.3d 694, and our supreme court's opinion in *Vieau* with respect to how definitional exclusions must be treated. *Miller* involved a policy's definition of "underinsured motor vehicle" that excluded government-owned vehicles. *Miller*, 414 Wis. 2d 246 ¶¶1, 6. We determined that this definitional exclusion "set[] the scope of UIM coverage within its insurance policies." *Id.*, ¶3. Because the loss resulted from the use of a government-owned vehicle, we concluded that "there [was] no initial grant of UIM coverage" for the accident. *Id.*, ¶¶3, 32-34, 41. However, our supreme court in *Vieau* dealt with a definitional exclusion of "**relative**" functionally identical to the one at issue in the instant case. *Vieau*, 289 Wis. 2d 552, ¶7. The court in *Vieau* stated that it "recognize[d] the requirement that a relative not own another car is part of the definition of 'relative' and is not framed as an outright exclusion. However, we treat the definition the same as an exclusion." *Id.*, ¶22 n.5. The court cited a previous case which treated an occupancy requirement contained in the definition of "named insured" as an exclusion because "[t]he purpose of the occupancy requirement is to exclude coverage for persons not occupying the … rental car," and it therefore "produces the same result as an exclusion." *Mau v. North Dakota Ins. Reserve Fund*, 2001 WI 134, ¶33, 248 Wis. 2d 1031, 637 N.W.2d 45.

## CONCLUSION

¶30 For the foregoing reasons, we conclude that the Policy's definition of "**relative**" unambiguously excludes any person who owns an uncovered vehicle. However, we also conclude that the Policy's definition of "**relative**" constitutes a "drive other car" exclusion, and because it does not conform to the requirements of WIS. STAT. § 632.32(5)(j), the exclusion cannot be enforced. Accordingly, we reverse the circuit court's order granting summary judgment to Farmers and remand the cause with instructions to grant Fredrich's motion for declaratory judgment.

*By the Court.*—Order reversed and cause remanded with directions.

Recommended for publication in the official reports.

---

Although *Miller* was issued after *Vieau*, *Miller* did not cite or discuss *Vieau* or other case law that address how to treat definitional exclusions in an insurance policy.

Ultimately, we need not resolve the apparent tension between *Miller* and *Vieau*. Whether viewed as an exclusion or a limit on the scope of initial grants of coverage, WIS. STAT. § 632.32(5)(j) plainly requires that a motor vehicle meeting the statutory criteria be "used" before it is determined that coverage does not apply to the loss.

Moreover, we note that WIS. STAT. § 632.32(5)(j) does not use the terms "exclude" or "exclusion," while other provisions in §§ 632.32(5)-(6) explicitly use those terms when describing prohibited and permissible coverage exclusions. Section 632.32(5)(j) states that "[a] policy may provide that any coverage under the policy does not apply to a loss resulting from the use of a motor vehicle that meets all of the following conditions[.]" Accordingly, the language of § 632.32(5)(j) appears to be addressing more than traditional exclusions and can be read to encompass definitional exclusions like the amended definition of "**relative**" in the instant case that couches itself in the definition section of the policy. *See Rodey*, 180 Wis. 2d at 313.

To the extent we are required to harmonize *Miller* and *Vieau* to resolve the instant case, we observe that the government-owned vehicle was actually used in the loss at issue in *Miller*, unlike Fredrich's Toyota Corolla in the instant case. We further observe that the language at issue in the instant case is almost identical to the language at issue in *Vieau*. For those reasons, it appears that *Vieau* more closely resembles the instant case than does *Miller*, and *Vieau* specifically instructs courts to treat definitional exclusions as exclusions and not as limits to the scope of initial grants of coverage. *Vieau*, 289 Wis. 2d 552, ¶22 n.5.

2